262 N.J. Super. 451 (1992)
620 A.2d 1388
ANGELA SCHMIDT, PLAINTIFF,
v.
CARL SCHMIDT, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Hudson County.
Decided November 19, 1992.
*452 Eileen Tulipan for plaintiff (Tulipan, Goldman & Conk, attorneys).
Carol Ann Aschoff for defendant (D'Alessandro, Tutak & Aschoff, attorneys).
HEALY, J.S.C.
At the final hearing, the attorney for the victim (plaintiff) sought an award of attorney's fees. At that time, the court ruled that although attorney's fees may be an appropriate form *453 of damages under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-1 et seq., it would require the attorney for the plaintiff to submit the appropriate affidavit of service pursuant to R. 4:42-9(b).
In accordance with the court's instructions, plaintiff's attorney filed a motion seeking attorney's fees after the final restraining order was entered in this domestic violence case. Oral argument was heard on November 19, 1992.
Plaintiff's attorney argued that attorney's fees are punitive in nature. Defendant was found to have perpetrated an act of domestic violence against the plaintiff. Therefore, attorney's fees should be assessed in favor of the plaintiff and against the defendant.
Defendant's attorney contended that, before an award of attorney's fees, the court must first conduct an analysis following N.J.S.A. 2A:34-23 and Williams v. Williams, 59 N.J. 229, 281 A.2d 273 (1971). Actual need, the ability to pay, and the good faith of the parties are to be examined, under the traditional analysis, in order to determine whether attorney's fees should be awarded.
Attorney's fees may be awarded in cases where they are permitted by statute. R. 4:42-9(a)(8). Under the Prevention of Domestic Violence Act of 1990, a Family Court judge may issue
An order requiring the defendant to pay to the victim monetary compensation for losses suffered as a direct result of the act of domestic violence. The order may require the defendant to pay the victim directly, to reimburse the Violent Crimes Compensation Board for any and all compensation paid by the Violent Crimes Compensation Board directly to or on behalf of the victim, and may require that the defendant reimburse any parties that may have compensated the victim, as the court may determine. Compensatory losses shall include, but not be limited to, loss of earnings or other support, out-of-pocket losses for injuries sustained, cost of repair or replacement of real or personal property damaged or destroyed or taken, cost of counseling for the victim, moving or other travel expenses, reasonable attorney's fees, court costs, and compensation for pain and suffering. Where appropriate, punitive damages may be awarded in addition to compensatory damages. [N.J.S.A. 2C:25-29 b(4)]
*454 "The allowance of reasonable counsel fees is permitted where they are a traditional element of damages in a particular cause of action." Enright v. Lubow, 202 N.J. Super. 58, 85, 493 A.2d 1288 (App.Div. 1985).
N.J.S.A. 2C:25-29 b(4) expressly includes "reasonable attorney's fees" as compensatory damages. "Statutory language should be given its ordinary meaning absent specific intent to the contrary." Calabro v. Campbell Soup Co., 244 N.J. Super. 149, 163, 581 A.2d 1318 (App.Div. 1990); Town of Morristown v. Woman's Club, 124 N.J. 605, 592 A.2d 216 (1991). Because they are viewed as compensatory damages, attorney's fees are not subject to the traditional analysis contained in N.J.S.A. 2A:34-23 and Williams v. Williams, 59 N.J. 229, 281 A.2d 273 (1971).
In determining whether to require defendant to pay plaintiff's attorney's fees under the Prevention of Domestic Violence Act of 1990, this court believes that there are three requirements to be examined. The fees must be a direct result of the domestic violence; they must be reasonable; and pursuant to R. 4:42-9(b), they must be presented by affidavit.
In this case, defendant committed an act of domestic violence against the plaintiff as a result of contact between the parties during visitation of the parties' minor child. The act resulted in plaintiff bringing an action against the defendant. Plaintiff incurred attorney's fees as a direct result of defendant's act of domestic violence.
The reasonableness of attorney's fees is determined by considering several factors. According to RPC 1.5, the factors include:
1. the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
2. the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
3. the fee customarily charged in the locality for similar legal services;
4. the amount involved and the results obtained;
5. the time limitations imposed by the client or by the circumstances;

*455 6. the nature and length of the professional relationship with the client;
7. the experience, reputation, and ability of the lawyer performing the services;
8. whether the fee is fixed or contingent.
See, e.g., Argila v. Argila, 256 N.J. Super. 484, 607 A.2d 675 (App.Div. 1992); Council Enterprises, Inc. v. Atlantic City, 200 N.J. Super. 431, 491 A.2d 789 (Law Div. 1984).
Plaintiff's attorney has addressed these factors, as required by R. 4:42-9(b), in her affidavit. Plaintiff seeks attorney's fees in the amount of $2,332.05 which consists of $2,292.50 for attorney's fees and $39.55 for disbursements.
Plaintiff's attorney expended 13.1 hours over a period of approximately three months that resulted in a final restraining order which included a revised visitation schedule. Plaintiff's attorney specializes in family law and has been practicing law for twenty years. The attorney's normal, fixed hourly rate of $175 is customarily charged for similar legal services in this area. Plaintiff's attorney's fees appear to be reasonable.
Since plaintiff incurred attorney's fees as a direct result of defendant's act of domestic violence; the fees are reasonable; and the fees have been presented by affidavit, it is this court's opinion that an award is appropriate in this case. Therefore, plaintiff's motion is granted.
Judgment is hereby entered in favor of the plaintiff and against the defendant for attorney's fees in the amount of $2,332.05.