669 A.2d 817

M.W., PLAINTIFF–RESPONDENT, v. R.L.,
DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted December 13, 1994—Decided January 17, 1995—
Motion for counsel fees argued November 15, 1995—
Decided December 4, 1995.

Before Judges LONG, MUIR, Jr. and BROCHIN.

*John P. Paone, Jr.* argued the cause for appellant.

*W. Richard Veitch* argued the cause for respondent.

The opinion of the court was delivered by

LONG, P.J.A.D.

Plaintiff, M.W., filed a domestic violence complaint against her lover of two years, defendant, R.L., claiming that he told her over the telephone that he would never allow her to leave him alive. The complaint alleged that this supposed conversation constituted "terroristic threats" and "harassment."

At trial, defendant produced recordings of his conversations with plaintiff and her brother which appeared to show that the threatening conversation never took place, and that in fact, plaintiff had fabricated the entire incident. The family court judge thus was unable to conclude that terroristic threats occurred. Nevertheless, the judge amended the complaint sua sponte to charge harassment based not on the fabricated phone call but on other phone calls defendant had made in an attempt to secure some missing handguns which he believed plaintiff had taken. The judge proceeded to make a finding that defendant had committed harassment based on these phone calls. Defendant appealed, and we reversed and remanded, holding that he had

been denied an opportunity to defend himself as to the amended harassment charge because of the procedure utilized by the trial judge.

Defendant has since made a motion to this court for counsel fees, and notwithstanding the pendency of further proceedings in the trial court, we agreed to consider this motion. Defendant bases his application for fees on *R.* 2:11–4 which provides in pertinent part:

> Fees may be allowed by the appellate court in its discretion:
>
> (a) In all actions in which an award of counsel fee is permitted by *R.* 4:42–9(a),....

Rule 4:42–9(a), in turn, provides that counsel fees are permitted in several situations, including:

> (1) *In a family action,* the court in its discretion may make an allowance both pendente lite and on final determination to be paid by any party to the action, including if deemed to be just any party successful in the action, on any claim for divorce, nullity, support, alimony, custody, visitation, equitable distribution, separate maintenance, enforcement of interspousal agreements relating to family type matters and claims relating to *family type matters* in actions between unmarried persons (second emphasis added).
>
> ....
>
> (8) *In all cases where counsel fees are permitted by statute.*

Defendant argues that he is entitled to counsel fees under *R.* 4:42–9(a)(1) because this is a family type matter and under *R.* 4:42–9(a)(8) because plaintiff's complaint was frivolous and thus subject to the award of counsel fees under New Jersey's frivolous litigation statute, *N.J.S.A.* 2A:15–59.1.

Plaintiff counters that the Prevention of Domestic Violence Act only allows the award of counsel fees to plaintiffs in domestic violence actions. The Act provides that a judge may issue

> [a]n order requiring the defendant to pay to the *victim* monetary compensation for losses suffered as a direct result of the act of domestic violence.... Compensatory losses shall include, but not be limited to, loss of earnings or other support, including child or spousal support, out-of-pocket losses for injuries sustained, cost of repair or replacement of real or personal property damaged or destroyed or taken by defendant, cost of counseling for the victim, moving or other travel expenses, reasonable attorney's fees, court costs, and compensation for pain and suffering ... (emphasis added).
>
> [*N.J.S.A.* 2C:25–29(b)(4).]

From this language, plaintiff argues that the Act's explicit allowance of counsel fees to "victims" of domestic violence not only bars non-victims from recovering counsel fees pursuant to the Act itself, but also bars such individuals from recovering counsel fees pursuant to any other statute or court rule. Neither party is completely correct.

To be sure, in enacting the Domestic Violence Act, the Legislature only made provision for counsel fees for victims, and not for prevailing parties. This was to avoid a chilling effect on the willingness of domestic violence victims to come forward with their complaints. To saddle a victim of domestic violence with the counsel fees of his or her adversary when the complaint was filed in good faith, but the evidence nevertheless fell short of persuading a judge that the Act was violated, would have just such a chilling effect. It is for this reason that the Legislature did not intend for a non-victim prevailing party to qualify for an award of fees under the Domestic Violence Act. It does not follow, however, that the award of fees to such a party under every other statute or rule is also prohibited.

■ We thus turn to the bases of defendant's claim to fees. As defendant argues, *R.* 4:42–9(a)(1) allows a judge to award fees to a successful party on "claims relating to family type matters in actions between unmarried persons." In our view, even if a domestic violence complaint could be conceived of as a family type matter for purposes of *R.* 4:42–9, the rule cannot be invoked to award counsel fees to a prevailing non-victim in a domestic violence case. Otherwise, the chilling effect the Legislature tried to avoid by limiting the award of fees to victims under the Domestic Violence Act would certainly result. By invoking *R.* 4:42–9(a)(1), a prevailing non-victim would, in effect, succeed in obtaining by indirection a benefit intentionally made unavailable under the Domestic Violence Act. This cannot be countenanced.

■ The same reasoning does not apply where counsel fees are sought under the frivolous litigation statute which provides in pertinent part:

> A party who prevails in a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous.

[*N.J.S.A.* 2A:15–59.1(a).]

The reason for this is straightforward. Where a party files a domestic violence complaint in bad faith, based on his or her own perjured testimony or suborned perjured testimony, *N.J.S.A.* 2A:15–59.1 permits the award of counsel fees in order to punish the filing party and deter the improper conduct of litigation in the future. *McKeown–Brand v. Trump Castle Hotel & Casino,* 132 *N.J.* 546, 556, 626 *A.*2d 425 (1993). This is quite distinct from a prevailing party rule pursuant to which the loser pays. While a prevailing party counsel fee rule must not be adopted because of the chilling effect it would have on domestic violence filings, the same reasoning is simply not applicable to a frivolous litigation counsel fee award. Clearly, the Legislature's interest in paving the way for domestic violence victims to have their day in court is in no way compromised by an award of counsel fees pursuant to the frivolous litigation statute where a litigant has wrongfully initiated a domestic violence complaint based on perjured testimony.

Where does this leave the case? Where we should have left it to begin with—in the hands of the trial judge. It is for her to evaluate the matter in light of the frivolous litigation statute to determine whether some or all of plaintiff's filing was indeed wrongful and what portion, if any, of defendant's fees should be underwritten by plaintiff. Remanded for proceedings consonant with this opinion.

We do not retain jurisdiction.