791 A.2d 1038 (2002)
348 N.J. Super. 193
Lisa M. GRANDOVIC, Plaintiff-Respondent,
v.
Lawrence W. LABRIE, Jr., Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted February 4, 2002.
Decided February 25, 2002.
Archer and Greiner, Haddonfield, attorneys for appellant.
Adinolfi and Spevak, Haddonfield, attorneys for respondent (Andrew L. Rochester, of counsel).
Before Judges NEWMAN, FALL and AXELRAD.
The opinion of the Court was delivered by AXELRAD, J.T.C. (temporarily assigned).
In a per curiam opinion dated January 2, 2002, we upheld the final restraining order entered in favor of plaintiff, Lisa M. Grandovic, against defendant, Lawrence W. Labrie, Jr., her former boyfriend and the father of her child. Plaintiff prevailed on every issue of the appeal.
On January 14, 2002, plaintiff filed a notice of motion (M-2441-01) seeking an order compelling defendant to pay her attorney's fees and costs incurred as a result of her successful defense of defendant's appeal. The issue before us is whether attorney's fees may be awarded on appeal to a prevailing victim in a matter filed *1039 under the Prevention of Domestic Violence Act of 1990 ("Act"), N.J.S.A. 2C:25-1 to -35. We conclude in the affirmative.
Pursuant to Rule 2:11-4(a), attorney's fees may be allowed by the appellate court in its discretion, "[i]n all actions in which an award of counsel fee is permitted by R. 4:42 9(a)...." Rule 4:42-9(a) provides that attorney's fees are permitted in several situations including:
(1) In a family action, a fee allowance both pendente lite and on final determination may be made pursuant to R. 5:3-5(c).
(8) In all cases where counsel fees are permitted by statute.
Rule 5:3-5(c) permits the award of attorney's fees in a family action as follows:
the court in its discretion may make an allowance, both pendente lite and on final determination, to be paid by any party to the action, including, if deemed to be just, any party successful in the action, on any claim for divorce, nullity, support, alimony, custody, parenting time, equitable distribution, separate maintenance, enforcement of interspousal agreements relating to family type matters and claims relating to family type matters in actions between unmarried persons.
In M.W. v. R.L., 286 N.J.Super. 408, 411, 669 A.2d 817 (App.Div.1995), we were confronted with the issue of whether a defendant in a domestic violence complaint which was reversed and remanded was entitled to an award of attorney's fees on appeal. Defendant claimed that he was entitled to attorney's fees both under Rule 4:42-9(a)(1), because his case was a "family type matter," and under Rule 4:42-9(a)(8), because plaintiff's complaint was frivolous and subject to an award of attorney's fees under New Jersey's frivolous litigation statute, N.J.S.A. 2A:15-59.1. M.W., supra, 286 N.J.Super. at 410, 669 A.2d 817. We held that "even if a domestic violence complaint could be conceived of as a family type matter for purposes of R. 4:42-9, the rule cannot be invoked to award counsel fees [on appeal] to a prevailing non-victim in a domestic violence case" because the prevailing non-victim would obtain by indirection a benefit intentionally made unavailable by the Act. M.W., supra, 286 N.J.Super. at 411, 669 A.2d 817. We permitted the trial judge to determine whether to award attorney's fees to defendant under the frivolous litigation statute. Id. at 412, 669 A.2d 817.
In the present case we also need not reach the issue of whether plaintiff's domestic violence complaint constitutes a claim "relating to family type matters in actions between unmarried persons" because we are satisfied that attorney's fees incurred in successfully defending defendant's appeal of the final restraining order are "permitted by statute" under Rule 4:42-9(a)(8). In addition, costs on appeal are recoverable by law in favor of the prevailing party. R. 2:11-5.
The Act expressly includes "reasonable attorney's fees" as compensatory damages, providing that in proceedings where restraining orders have been filed, the Family Part judge may issue, inter alia,
[a]n order requiring the defendant to pay to the victim monetary compensation for losses suffered as a direct result of the act of domestic violence. The order may require the defendant to pay the victim directly, to reimburse the Victims of Crime Compensation Board for any and all compensation paid by the Violent Crimes Compensation Board directly to or on behalf of the victim, and may require that the defendant reimburse any parties that may have compensated the victim, as the court may determine. Compensatory losses shall include, but not be limited to, loss of *1040 earnings or other support, including child or spousal support, out-of-pocket losses for injuries sustained, cost of repair or replacement of real or personal property damaged or destroyed or taken by the defendant, cost of counseling for the victim, moving or other travel expenses, reasonable attorney's fees, court costs, and compensation for pain and suffering. Where appropriate, punitive damages may be awarded in addition to compensatory damages (emphasis added).

[N.J.S.A. 2C:25-29b(4) (emphasis added).]
In Schmidt v. Schmidt, 262 N.J.Super. 451, 454-56, 620 A.2d 1388 (Ch. Div.1992), pursuant to the express language of the statute and Rule 4:42-9(a)(8), the Family Part Judge awarded the plaintiff-victim reasonable attorney's fees requested at the final hearing as compensatory damages under the Act. The court reasoned that since attorney's fees are viewed as compensatory damages under the Act, in order to justify an award, the victim must demonstrate that the fees are a direct result of the domestic violence, they are reasonable, and they are presented by affidavit pursuant to Rule 4:42-9(b). Schmidt, supra, 262 N.J.Super. at 454, 620 A.2d 1388.
We conclude that the same rationale is applicable when considering an award of attorney's fees to the victim on appeal. The Act is to be liberally construed to achieve its remedial and salutary purpose. Cesare v. Cesare, 154 N.J. 394, 400, 713 A.2d 390 (1998). The legislative intent of the Act, as set forth in N.J.S.A. 2C:25-18, was to provide victims of domestic violence the "maximum protection from abuse" that the law could provide and to ensure "full access to the protections of the legal system." Cesare, supra, 154 N.J. at 399, 713 A.2d 390. To reach those goals, the Legislature "encourage[d] the broad application of the remedies available under [the] ... act in the civil and criminal courts of this State." N.J.S.A. 2C:25-18; Cesare, supra, 154 N.J. at 399, 713 A.2d 390.
It would be inimical to the Act to deny a victim an award of reasonable attorney's fees and costs incurred in successfully defending against a challenge to a final restraining order issued by the trial court. We adopt the analysis of the Family Part judge in Schmidt, supra, in connection with application for attorney's fees on appeal pursuant to Rule 2:11-4. Based on the rule of construction that "[s]tatutory language should be given its ordinary meaning absent specific intent to the contrary," plaintiff should be compensated for the reasonable legal expenses incurred in responding to this appeal. Schmidt, supra, 262 N.J.Super. at 454, 620 A.2d 1388 (citations omitted).
The trial court found that defendant committed an act of domestic violence against plaintiff. Defendant's conduct resulted in plaintiff obtaining a final restraining order under the Act. Defendant chose to file an appeal and challenge the trial court's rulings which necessitated plaintiff's incurring attorney's fees for the preparation of a respondent's brief and appendix. Plaintiff prevailed on every issue of the appeal and each and every ruling of the trial judge was upheld without criticism. An affidavit of services has been presented in accordance with Rule 4:42-9(b).
Accordingly, it is appropriate to require defendant to pay plaintiff's reasonable attorney's fees and costs in connection with this appeal. An order will be entered contemporaneous with this opinion for an award of reasonable attorney's fees and costs in the amount of $3000.