822 A.2d 627 (2003)
360 N.J. Super. 234
Angela J. PROVINI, Executrix of the Estate of Charles R. Provini, Deceased, Plaintiff-Appellant,
v.
ASBESTOSPRAY CORPORATION and H & A Construction, its successors; Sprayon Insulation and Acoustics, Inc.; Sprayon Research Corporation; Spraydon Corp., NV of Curaco; American Energy Concepts, Inc.; American Energy Products Corp; United States Mineral Products Company; Keene Corporation; Robert A. Keansbey Company; Empire-Ace Insulation Manufacturing Co.; US Gypsum Co.; Turner and Newall Limited; Spraycraft Corporation; Smith and Kenzler Corporation II; Asbestos Products Manufacturing Corporation; Leonard J. Buck Company; Armstrong Contracting & Supply, Inc., Defendants,
MFS, Inc.; Dana Corporation, Defendants-Respondents,
Structural Coatings, Inc., Defendants-Respondents/Cross-Appellants.
Superior Court of New Jersey, Appellate Division.
Argued April 7, 2003.
Decided May 16, 2003.
Kenneth E. Joel, Keyport, argued the cause for appellant.
*628 Carolyn F. O'Connor, Newark, argued the cause for respondent MFS, Inc. (Wilson, Elser Moskowitz, Edelman & Dicker, attorneys; Ms. O'Connor, of counsel and on the brief; Joseph T. Hanlon and Anthony H. Lowenberg, on the brief).
John DeQ. Briggs, (Howrey, Simon, Arnold & White) of the District of Columbia bar, admitted pro hac vice argued the cause for respondent Dana Corporation (Picillo, Caruso O'Toole, attorneys; Kevin O'Toole, of counsel.
Stephen V. McHugh, Cherry Hill, argued the cause for respondents/ cross-appellants Structural Coatings, Inc. (Kent and McBride, attorneys; Mr. McHugh, of counsel and on the brief).
Before Judges PETRELLA, PARKER and BILDER.
The opinion of the court was delivered by PARKER, J.A.D.
Plaintiff appeals from a grant of summary judgment dismissing the complaint against Structural Coatings, Inc. (SCI), MFS, Inc. (MFS) and Dana Corporation (Dana) in this wrongful death/product liability complaint based upon asbestos exposure. Plaintiff also appeals from denial of her motion for leave to file a fifth amended complaint. SCI cross-appeals from denial of summary judgment on the ground of successor liability. We affirm.
Plaintiff is the executor of her husband's estate. In a series of amended complaints filed from May 1992 through November 1996, plaintiff alleged that her husband was exposed to asbestos that was manufactured, distributed, imported or used by numerous corporations. On August 22, 1997, plaintiff's motion for leave to file a fifth amended complaint was denied by Judge Rosemary Reavey. The complaint was originally filed in Monmouth County, but venue was ultimately transferred to Middlesex in 1995.
On October 24, 1997, Judge Reavey granted summary judgment in favor of SCI on the punitive damage claims and denied summary judgment on the remaining claims. On SCI's motion for reconsideration on November 21, 1997, Judge Reavey dismissed all of the claims against SCI because plaintiff failed to provide adequate proof that her husband was exposed to SCI's product, SprayDon. On October 24, 1997, Judge Reavey also granted summary judgment in favor of MFS and Dana on the same ground and on the additional ground that plaintiff failed to demonstrate successor liability.[1]
In essence, plaintiff argues two points against these three defendants: (1) that she established the decedent's exposure to SprayDon under the requirements of Sholtis v. American Cyanamid Co., 238 N.J.Super. 8, 568 A.2d 1196 (App.Div. 1989); and (2) that defendants are subject to successor liability in accordance with Bussell v. DeWalt Products Corp., 259 N.J.Super. 499, 614 A.2d 622 (App.Div. 1992), certif. denied, 133 N.J. 431, 627 A.2d 1137 (1993).

I
The product SprayDon is at the core of this appeal. SprayDon was first manufactured in 1954 and contained approximately thirty percent asbestos until 1970, when it was reformulated to be asbestos free. Plaintiff alleges that her husband was employed by Sprayon Research Corp. for short periods of time in 1955 and again in 1960. The decedent was diagnosed with asbestosis in 1986 and died in 1990. Plaintiff *629 concedes that "there is no evidence as to where [decedent] performed work" for the company or that he was ever exposed to SprayDon. Nevertheless, plaintiff "asserts that the only reasonable inference that can be drawn from [decedent's brief employment at Sprayon] is that his employer used the Spray Don product, which it had developed."
Asbestos exposure cases present unique problems in litigation. Since injury from asbestos exposure is cumulative, and a plaintiff may be injured by a product long after his or her exposure, we have approached the issue differently, depending upon the facts presented. In Sholtis, supra, 238 N.J.Super. at 25, 568 A.2d 1196, we held that "the exposure to the products of ... defendant, whether proven directly or circumstantially, or if reconstructed or even risk-weighted, must have been a proximate cause of, i.e., a substantial factor in bring about, plaintiffs' injuries." We adopted the "frequency, regularity and proximity" test as "a fair balance between the needs of plaintiffs (recognizing the difficulty of proving contact) and defendants (protecting against liability predicated on guesswork)." Id. at 29, 568 A.2d 1196.
At a summary judgment motion a plaintiff only need produce evidence from which a fact-finder, after assessing the proof of frequency and intensity of plaintiff's contacts with a particular manufacturer's friable asbestos, could reasonably infer toxic exposure. The affidavits, certifications and depositions must be read together anew, giving plaintiffs all favorable inferences. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. [67,] 75, 110 A.2d 24 [(1954)] .... From these sources, the trial judge must determine whether a jury could reasonably infer that one or more of the ... defendants must share responsibility.
[Ibid.]
Therein lies plaintiff's problem in this case. Not only was the decedent's employment at Sprayon limited to a minimal period of time many years prior to his asbestos diagnosis, but plaintiff cannot demonstrate that the decedent was ever exposed to the product during his employment there. Rather, she asks us to assume that he was exposed to the product because the product was used by Sprayon during the brief time he was employed by the company.
Plaintiff concedes that there is no evidence of the work decedent performed or of the Sprayon location at which he worked. Nevertheless, she presents the certification of Milo DeGugas, decedent's cousin, who attested that he worked as an "applicator of sprayed mineral fiber which until 1970 or 71 contained asbestos." While he states that he was "a co-worker on many occasions with Charles Provini," he never worked at Sprayon in 1955 or 1960 when the decedent was employed there. Rather, he worked at Sprayon in 1954, 1956, 1957 and 1958. DeGugas' certification is limited to the work he did and his exposure during his periods of employment. DeGugas' testimony cannot be used, even inferentially, as "proof of frequency and intensity of plaintiff's contacts with a particular manufacturer's friable asbestos." Ibid. "[A] determination [of] whether there exists a genuine issue with respect to a material fact [that precludes summary judgment] ... requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, ... are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540, 666 A.2d 146 (1995).
In an asbestos case, plaintiff must present prima facie evidence of "an exposure *630 of sufficient frequency, with a regularity of contact, and with the product in close proximity" in order to hold a defendant strictly liable. Sholtis, supra, 238 N.J.Super. at 28, 568 A.2d 1196. The absence of such evidence warrants dismissal on summary judgment. R. 4:46-2(c); Brill, supra, 142 N.J. at 523, 666 A.2d 146.

II
Since we have affirmed the grant of summary judgment on the issue of exposure, we need not reach the question of successor liability in plaintiff's appeal or SCI's cross-appeal. Nor do we reach plaintiff's appeal of the denial of leave to file a fifth amended complaint, which was based upon allegations of successor liability against Dana.[2]Grandovic v. Labrie, 348 N.J.Super. 193, 195-96, 791 A.2d 1038 (App.Div.2002); Mears v. Sandoz Pharm., Inc., 300 N.J.Super. 622, 633, 693 A.2d 558 (App.Div.1997).
Affirmed.
NOTES
[1] Plaintiff settled with Lac d'Amiante du Quebec, Ltee. and Armstrong Contracting & Supply, Inc. The complaint against a number of defendants was dismissed because they filed petitions in bankruptcy, and the entire complaint was dismissed with prejudice on October 25, 2001. SCI, MFS and Dana are the only defendants subject to this appeal.
[2] Although plaintiff sought to add three new defendants in the fifth amended complaint, she only argued the claims against Dana before this court, and we deem her claims against the three additional entities to be abandoned.