839 A.2d 1006 (2003)
365 N.J. Super. 623
Mary C. PULLEN, Plaintiff,
v.
Brian T. PULLEN, Defendant.
Superior Court of New Jersey, Chancery Division.
Decided September 18, 2003.
Lomurro, Davidson, Eastman and Munoz, P.A., (Bettina E. Munson Esq.), for plaintiff.
Patrick M. Durning, Esq., Freehold, for defendant.
WALDMAN, J.S.C.
In this matter, the plaintiff seeks attorney's fees after she otherwise met her burden of proof to obtain a Final Restraining Order under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 (hereinafter the "Act"). The court hereby awards the plaintiff attorney's fees in the amount of $6000.00.
On October 1, 2002, the plaintiff (wife) sought and obtained a Temporary Restraining Order against the defendant (husband) under the Act. The defendant, then pro se, first appeared before this court for the Final Restraining Order trial on October 7, 2002. At the hearing, the defendant appeared agitated and jittery and was unable to answer simple questions from the court. The plaintiff satisfied the court that there was reasonable suspicion to believe that defendant was abusing drugs, and defendant was ordered to undergo a urine screen for drugs. That day, the urine screen was returned positive for heroin, cocaine and marijuana. The defendant then requested and was granted an adjournment to obtain the assistance of counsel and was further ordered to reimburse *1007 plaintiff's counsel fees in the amount of $1750.00.[1] The trial continued through October 23, 2002 and November 1, 2002, and a Final Restraining Order was entered on November 15, 2002. The defendant was ordered to pay the plaintiff $2000.00 per month for family support.
The parties returned to this court on five different occasions between December 13, 2002 and March 21, 2003 for parenting-time and support-related issues. On December 13, 2002, the defendant was ordered to undergo a substance abuse evaluation. The court reviewed the results from the substance abuse evaluation on January 10, 2003 and subsequently ordered the defendant to commence a twelve-week program at CPC Behavioral Health in Middletown, New Jersey. On February 5, 2003, the plaintiff brought an Order to Show Cause to enforce the previously ordered support award. The parties returned to the court on March 21, 2003, and the court ordered that the plaintiff could invade a jointly owned marital asset, a Fidelity investment, to relieve the financial crisis occasioned by defendant's non-compliance with the support order. The court ordered that part of the proceeds be applied to pay the plaintiff's attorney $750.00 and the defendant's attorney $296.86. On April 10, 2003, the parties were divorced. The Judgment of Divorce stated in relevant part that the defendant's share of equity in the marital home would be applied to "attorney fees awarded in the domestic violence action"
In determining the plaintiff's entitlement, if any, and the quantum thereof, it is necessary to review the interplay of the Act, court rules, and the Rules of Professional Conduct ("RPC"). Underpinning this review is a perception by this court that awards of fees under the Act must be subject to reasonable standards not unlike those that govern under R. 5:3-5(c).
R. 4:42-9(a) disallows attorney's fees in actions as a general rule unless otherwise set forth in that rule's subparts. Two subparts potentially have applicability with regard to attorney's fees under the Act. One (the latter below) appears to have unequivocal applicability and the other (the former below) does not:
(1) In a family action, a fee allowance both pendente lite and on final determination may be made pursuant to R. 5:3-5(c).
(8) In all cases where counsel fees are permitted by statute.
The latter, subpart (8), seems clearly applicable to the Act. The Act provides that the court may issue:
An order requiring the defendant to pay to the victim monetary compensation for losses suffered as a direct result of the act of domestic violence. The order may require the defendant to pay the victim directly, to reimburse the Violent Crimes Compensation Board directly to or on behalf of the victim, and may require that the defendant reimburse any parties that may have compensated the victim, as the court may determine. Compensatory losses shall include, but not be limited to, loss of earnings or other support, out-of-pocket losses for injuries sustained, cost of repair or replacement of real or personal property damaged or destroyed or taken, cost of counseling for the victim, moving or other travel expenses, reasonable attorney's fees, court costs, and compensation for *1008 pain and suffering. Where appropriate, punitive damages may be awarded in addition to compensatory damages. (Emphasis added)
[N.J.S.A. 2C:25-29(b)(4).]
Under the statutory provision above, the court has discretionary power under the Act to award a victim reasonable attorney's fees as a form of monetary compensation. At first blush, the prerequisites would seem straightforward. First, there must be a "victim," which suggests that under the statutory provision only a plaintiff can recover. Second, the attorney's fees must be the "direct result of domestic violence," which suggests that the court can consider fees whenever the court enters a final restraining order. Third, the attorney's fees must be reasonable. In Schmidt v. Schmidt, 262 N.J.Super. 451, 620 A.2d 1388 (Ch.Div.1992), the court recognized the first prerequisite impliedly and the latter two prerequisites expressly. The court also provided that the request for attorney's fees must be presented by affidavit under R. 4:42-9(b). That rule requires that the affidavit of services address the factors enumerated in RPC 1.5(a).
R. 4:42-9(b) mandates that the affidavit, in addition to RPC 1.5(a) factors, recite other factors pertinent in the evaluation of services rendered, the amount of the fee sought, and an itemization of disbursements for which reimbursement is made.[2]RPC 1.5 entitled "Fees" mandates in subpart (a) an attorney's fees be reasonable and sets forth factors as to reasonableness that include:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) whether the fee is fixed or contingent.
If Schmidt, supra, is intended to allow for a reasonable attorney's fee upon submission of an affidavit of services whenever a victim/plaintiff recovers a final restraining order under the Act, then this court disagrees with that holding. Rather, as will be discussed below, the threshold inquiry should be whether attorney's fees should be awarded in the first instance; if the answer is in the affirmative, then the inquiry should turn to the reasonableness of those fees under the constraints of the aforesaid rule of practice and RPC. If the answer is in the negative, the inquiry should go no further. If the Act were construed to mandate the award of a fee whenever the victim/plaintiff prevailed, the statute would have the potential to be applied unreasonably, unfairly, and inequitably. Standards are needed for the threshold inquiry as to whether attorney's fees should be awarded.
This court does not believe that Grandovic v. Labrie, 348 N.J.Super. 193, 791 *1009 A.2d 1038 (App.Div.2002), mandates a bright-line rule that whenever a plaintiff recovers a final restraining order against a defendant under N.J.S.A. 2C:25-29 and submits an affidavit for a reasonable attorney's fee in compliance with R. 4:42-9(a)(8), an attorney's fee must be awarded. The court in Grandovic, resolved whether a prevailing plaintiff-respondent at the trial level under the Act could recover attorney's fees and costs for the successful defense of the matter on appeal to the Appellate Division. In answering in the affirmative, the appellate court did expressly allude to the rationale in Schmidt used to determine the award of attorney's fees at the trial level, as being the same rationale to use on appeal when application is made under R. 2:11-4. The appellate court stated:
In Schmidt v. Schmidt, 262 N.J.Super. 451, 454-56, 620 A.2d 1388 (Ch.Div.1992), pursuant to the express language of the statute and Rule 4:42-9(a)(8), the Family Part Judge awarded the plaintiff-victim reasonable attorney's fees requested at the final hearing as compensatory damages under the Act. The court reasoned that since attorney's fees are viewed as compensatory damages under the Act, in order to justify an award, the victim must demonstrate that the fees are a direct result of the domestic violence, they are reasonable, and they are presented by affidavit pursuant to Rule 4:42-9(b). Schmidt, supra, 262 N.J.Super. at 454, 620 A.2d 1388.
[Grandovic, supra, 348 N.J.Super. at 196, 791 A.2d 1038.]
The Schmidt, rationale condoned by the court in Grandovic should only be construed to apply to the determination of a reasonable attorney's fee. It cannot be used to determine whether an attorney's fee should be awarded in the first instance. To hold otherwise would be to emasculate the discretionary nature of the award of monetary compensation for losses under N.J.S.A. 2C:25-29(b)(4) and replace the same through judicial fiat by decreeing the statutory authority as mandatory. If the Legislature intended a mandate, it would have written "shall" rather than "may." Every case that arises under the Act is fact-sensitive; not every prevailing plaintiff should be awarded an attorney's fee, no more than every prevailing defendant should be awarded an attorney's fee under the New Jersey Frivolous Litigation Statute, N.J.S.A. 2A:15-59.1. See M.W. v. R.L., 286 N.J.Super. 408, 669 A.2d 817 (App.Div.1995).
What factors should determine the threshold determination as to whether an attorney's fee should be awarded under the Act or not? Without holding that R. 5:3-5 applies to the Act, it is interesting to note that the aforesaid rule, entitled "Attorney Fees and Retainer Agreements in Civil Family Actions; Withdrawal," allows in subpart (c) for "the court in its discretion" to award attorney's fees pendente lite and on final determination. If the discretion is to be exercised in favor of an award, R. 5:3-5(c) sets forth the factors on how to determine the amount of the fee in addition to the information required by R. 4:42-9. (Emphasis added). Those factors as to amount are:
(1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.
*1010 [[R. 5:3-5(c)]
Unfortunately, the enumerated factors are described as being relevant to the determination of the amount of the award and not as to the threshold determination of whether the trial court should exercise its discretion in favor of an award or not. The reality is that some of the factors should apply to whether judicial discretion should be exercised in favor of awarding a fee ab initio. Otherwise, what standards exist for that threshold discretionary determination in those enumerated civil family actions? Hence this trial court holds that some of the enumerated factors set forth as to "amount of the fee award" can be "borrowed" and applied under the Act for the threshold determination as to whether attorney's fees, as monetary compensation for losses, would be appropriate. This trial court believes that the first three enumerated factors in R. 5:3-5(c) seek out the information that is necessary for the threshold determination as to whether discretion should be exercised or not in favor of a fee award; that is to say, the plaintiff's need, ability to pay, and the good faith of parties in advancing positions should be the cornerstone. If the trial court, in weighing those factors, determines that an award of fees would be appropriate, then attention should be turned to reasonableness of the fee award under R. 4:42-9, N.J.S.A. 2C:25-29(b), and RPC 1.5(a).
In drawing on factors 1-3 of R. 5:3-5(c) for the threshold determination of whether to exercise discretion in favor of a fee award under the Act, this trial court does so since those factors are consistent with prior case law that supported those factors in the award of fees. See Williams v. Williams, 59 N.J. 229, 281 A.2d 273 (1971). This trial court specifically disagrees with the court in Schmidt, supra, 262 N.J.Super. at 454, 620 A.2d 1388, where it states, "Because they are viewed as compensatory damages, attorney's fees are not subject to the traditional analysis contained in N.J.S.A. 2A:34-23 and Williams v. Williams, 59 N.J. 229, 281 A.2d 273 (1971)." Compensatory damages are no more demanded under the Act for every determination of a final restraining order in favor of a plaintiff, than in every negligence case where a jury has found negligence and proximate cause.
As to the issue of whether R. 5:3-5(c) applies directly to the Act as an award of attorney's fees under R. 4:42-9(a)(1) "in a family action", this trial court notes that the issue does not have to be decided due to the applicability of R. 4:42-9(a)(8).
At bar, the court must first decide whether or not to exercise its discretion to award counsel fees pursuant to N.J.S.A. 2C:25-29(b)(4). To do so, the court must first examine the plaintiff's need, the financial circumstances of the parties and their ability to pay their own fees, and the good faith of the positions advanced by the parties. The court hereby shall exercise its discretion and award attorney's fees to the plaintiff.
First, it is clear that the plaintiff has a need for counsel fees. The defendant was the "bread winner" during the marriage. In 2002, the defendant's annual income was approximately $67,030 and the plaintiff earned approximately $21,060. The plaintiff bears the responsibility of raising the three children born of the marriage, ages 16, 14 and 12. Pursuant to paragraph 2 of the Judgment of Divorce, entitled "Custody," the plaintiff has sole physical and legal custody of the three children.
Second, the court finds that the defendant has the ability to pay counsel fees. The court notes that at some point after the court entered the final restraining order, the defendant lost his job and soon *1011 thereafter, the parties were divorced on April 10, 2003. A default was entered against the defendant, as he did not appear for the proceedings. The defendant's equitable interest in the parties' marital home was calculated as $38,703 (market value of $169,000, minus the first mortgage $77,000, minus a home equity loan of $14,593 = $77,407 X 50% = $38,703). Pursuant to the Judgment of Divorce, the defendant's equitable interest in the former marital home was reduced by support arrears, taxes and other obligations the defendant owed to the plaintiff. The defendant was left with a remainder of approximately $27,000.00. The court finds the defendant has the ability to pay and the Judgment of Divorce provides for a further reduction in the defendant's remaining equitable interest:
[M]inus attorney fees awarded in the domestic violence action...Any remaining equity owed to the husband shall be placed in a support trust in the wife's name. In the event the defendant fails to pay his obligations as ordered herein the wife shall be allowed to withdraw the arrearage/obligated amount from the support trust.
Lastly, the court finds the defendant acted in bad faith during the proceedings leading up to, and subsequent to, the Final Restraining Order being entered. Additional court appearances were specifically caused by the significant delay in the proceedings because the defendant first refused to be drug tested and then, after being tested, was found positive for three types of drugs. The trial then proceeded on subsequent dates, whereby additional court appearances were required, even after the entry of the final restraining order to follow up with the Court's Order for a substance abuse evaluation. Moreover, the defendant had not been paying support in a timely manner, which resulted in plaintiff's attorney bringing an Order to Show Cause for support arrears. The record is clear that the defendant's behavior in these proceedings caused substantial delay and waste of time.
Next, the court must evaluate the reasonableness of the requested attorney's fee pursuant to RPC 1.5. Plaintiff seeks the sum of $9267.50 for attorney's fees rendered during all of the domestic violence proceedings. Plaintiff's attorney has addressed the factors under RPC 1.5 in her amended certification of services. Practicing law for over ten years, plaintiff's attorney not only specializes in family law, but has been certified in matrimonial law by the Supreme Court. The plaintiff's attorney charges a fixed hourly rate of $275.00, which is customarily charged for similar legal services in this county and this area of the law. Plaintiff's attorney was required to attend five separate trial dates, which resulted in a final restraining order being entered against the defendant. Furthermore, plaintiff's attorney was required to appear at five additional court proceedings for issues relating to support, visitation and the substance abuse evaluation. Clearly, having to attend these numerous court appearances precluded plaintiff's attorney from accepting other employment. The court takes into consideration both of the previous times the defendant was ordered to pay counsel fees: $1750.00 during the first day of trial and $296.86 on March 21, 2003, for a total of $2046.86. The court further notes the plaintiff paid her attorney a retainer of $2500.00. The record is clear that plaintiff was without independent means to prosecute this action. The action was instituted in good faith and the parties expended a great deal of time and effort on this case. After a careful review of the parties' need, ability to pay, their respective financial situation and the reasonableness of the requested counsel fees, the court hereby enters an award of *1012 $6000.00 in favor of the plaintiff, and against the defendant, for attorney's fees.
NOTES
[1] That award was not pursuant to N.J.S.A. 2C:25-29(b)(4) since no Final Restraining Order had been entered. Rather, the court awarded the fees as a result of defendant's conduct vis-à-vis the urine test; his conduct protracted the delivery of the urine specimen, thereby causing plaintiff to be present the entire day in court.
[2] The rule requires, in addition, certain information if a fee allowance is sought for any paraprofessional services.