# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3602-19

D.C.R.,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

J.K.,

      Defendant-Respondent/
      Cross-Appellant.

_____

Argued October 13, 2021 – Decided October 25, 2021

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FV-15-0993-19.

Amy Sara Cores argued the cause for appellant/cross-respondent (Cores & Associates, LLC, attorneys; Amy Cores, on the briefs).

Kristin S. Pallonetti argued the cause for respondent/cross-appellant (Law Office of Steven P. Monaghan, LLC, attorneys; Kristin Pallonetti, on the briefs).

PER CURIAM

Plaintiff D.C.R. appeals from the Family Part's April 23, 2020 order denying the motion for counsel fees she filed eleven months after the court entered a final restraining order (FRO) against defendant J.K. under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. Defendant cross-appeals from the portion of the April 23 order denying his motion for counsel fees for having to respond to plaintiff's belated request. Having considered the arguments raised by the parties in light of the record and the applicable law, we affirm the court's denial of plaintiff's motion, but remand on the question of whether defendant is entitled to fees because the court failed to make adequate findings of fact and conclusions of law on that issue.

The facts are not in dispute. The parties are married and have two children. In December 2018, plaintiff obtained a temporary restraining order against defendant. The trial court subsequently conducted a hearing on three nonconsecutive dates. Both parties were represented by counsel.

At the conclusion of the hearing on April 1, 2019, the court granted plaintiff a FRO. The court also ruled on the issue of parenting time between the parties. Notably, plaintiff did not seek counsel fees or any monetary

A-3602-19

compensation from defendant.[1] Plaintiff did move for reconsideration in connection with the FRO, and she did not file a notice of appeal.

The parties continued their divorce proceedings. In December 2019, plaintiff retained a new attorney after her prior counsel left private practice.

On March 3, 2020, eleven months after the entry of the April 1, 2019 FRO, plaintiff filed a motion to compel defendant to pay her the counsel fees she incurred in the FRO litigation, together with the counsel fees and costs she paid in bringing her fee application. Plaintiff did not submit an affidavit of services from either her previous or current attorney as required by Rule 4:42-9(b). Instead, plaintiff submitted copies of the invoices her former attorney had sent her.[2] Defendant opposed the motion and filed a cross-motion seeking fees for having to respond to plaintiff's application.

Following argument, the trial court denied plaintiff's motion. In its oral decision, the court concluded that plaintiff's application for counsel fees was not timely because plaintiff applied after the entry of final judgment. In addition,

---

[1] During her testimony on the second hearing date, plaintiff briefly mentioned that she "would like [defendant] to pay for [her] counsel fees associated with this hearing." However, her attorney never raised this request again and did not file an application for fees at the conclusion of the hearing.

[2] At oral argument, plaintiff's attorney stated she did not "have any explanation" for why her predecessor did not seek fees at the conclusion of the FRO hearing.

A-3602-19

the court found that plaintiff's motion was deficient because it lacked the required accompanying affidavit of services. The court did not address defendant's cross-motion for fees in its oral decision, although it did amend the FRO on April 23, 2020 to indicate that defendant's motion had been denied. Plaintiff's appeal and defendant's cross-appeal followed.

We begin by addressing plaintiff's appeal from the order denying her motion for counsel fees. "[A]n award of attorney's fees . . . rest[s] within the discretion of the trial judge." McGowan v. O'Rourke, 391 N.J. Super. 502, 508 (App. Div. 2007) (citing Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 443-44 (2001)). "[D]eterminations by trial courts [regarding legal fees] will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Packard-Bamberger, 167 N.J. at 444 (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). A trial court's purely legal decisions, however, are subject to our plenary review. Crespo v. Crespo, 395 N.J. Super. 190, 194 (App. Div. 2007) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). Applying these standards, we discern no basis for disturbing the trial court's decision to deny plaintiff's motion for counsel fees.

Plaintiff first argues that a complainant in a domestic violence case may file a request for fees at any time, including after the entry of the FRO concluding the case. However, it is clear that a plaintiff must apply for counsel fees at the domestic violence hearing and the court must resolve that motion before entering the FRO. In this regard, N.J.S.A. 2C:25-29(b)(4) specifically states that "[a]t the hearing[,] the judge of the Family Part of the Chancery Division of the Superior Court may issue an order granting . . . the victim monetary compensation for losses suffered as a direct result of the act of domestic violence." (emphasis added). Such "[c]ompensatory losses" include "reasonable attorney's fees [and] court costs . . . ." Ibid.

It is also clear that the trial court is required to resolve the plaintiff's motion for fees before entering the FRO under Rule 4:42-9(d). This Rule plainly states that "[a]n allowance of fees made on the determination of a matter shall be included in the judgment or order stating the determination." (emphasis added). Read in tandem, the necessary implication of N.J.S.A. 2C:25-29(b)(4) and Rule 4:42-9(d) is that the plaintiff apply for the allowance of counsel fees in a domestic violence case at the hearing, and the court must decide that motion before entering the FRO.

Here, plaintiff waited eleven months after the entry of the FRO to file her motion for fees. If plaintiff was dissatisfied with the FRO, she had two options. First, she could have filed a motion for reconsideration pursuant to Rule 4:49-2 within twenty days. Alternatively, plaintiff could have appealed to this court within forty-five days under Rule 2:4-1(a). However, plaintiff did not pursue either of these options. Under these circumstances, we concur with the trial court's determination that plaintiff's application was untimely.

Plaintiff next contends that she was not required to submit an affidavit of services in support of her motion for counsel fees or to demonstrate that her requested fees were reasonable. We disagree.

Because attorney's fees "are viewed as compensatory damages" under the PDVA, we have determined that three requirements must be met in order to justify an award of fees. Grandovic v. Labrie, 348 N.J. Super. 193, 196 (App. Div. 2002) (quoting Schmidt v. Schmidt, 262 N.J. Super. 451, 454 (Ch. Div. 1992)). "[T]he fees must be a direct result of the domestic violence; they must be reasonable; and pursuant to [Rule] 4:42-9(b), they must be presented by affidavit." McGowan, 391 N.J. Super. at 507 (emphasis added) (quoting Schmidt, 262 N.J. Super. at 454). Rule 4:42-9(b) states that "all applications for

the allowance of fees shall be supported by an affidavit of services addressing the factors enumerated by RPC 1.5(a)." (emphasis added).

Here, plaintiff did not submit an affidavit of services with her motion seeking counsel fees. Because her application was deficient, the trial court properly denied it. Therefore, we affirm the court's decision on this point.

Turning to defendant's cross-appeal, we note that the trial court's oral decision did not make findings of fact or conclusions of law regarding defendant's motion for counsel fees. Under these circumstances, we must reverse the portion of the April 23, 2020 order denying defendant's motion, and remand to the Family Part for further proceedings. In remanding this matter, we do not suggest a preferred result, but only that the trial court reconsider the matter and fulfill its duty to the parties to fully address their arguments concerning the motion.

Affirmed in part; reversed in part; and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3602-19