# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0829-22

A.S.,

    Plaintiff-Respondent,

v.

M.J.P.,

    Defendant-Appellant.

_____

Submitted April 24, 2024 – Decided December 9, 2024

Before Judges Vernoia and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FV-15-2194-22.

M.J.P., appellant pro se.

Respondent has not filed a brief.

The opinion of the court was delivered by

WALCOTT-HENDERSON, J.S.C. (temporarily assigned).

In this domestic violence matter, defendant M.J.P.[1] appeals from a Family Part order awarding plaintiff A.S. $5,575.50 in attorney's fees following entry of a final restraining order (FRO) in favor of A.S. and against defendant. Defendant argues the award of attorney's fees is excessive. We vacate and remand for the reasons that follow.

We recount the facts based on the scant record presented in defendant's brief and appendix. Plaintiff did not file an opposition brief. Plaintiff and defendant began dating in high school and were college students when the court entered the FRO. Their relationship ended when plaintiff alleged defendant headbutted, choked, punched, and caused injuries to her.

On June 27, 2022, plaintiff filed a complaint under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-1 to -35, seeking a domestic violence restraining order. The complaint alleged defendant headbutted plaintiff in the face while restraining her hands, causing her nose to bleed. The court granted plaintiff a temporary restraining order and the matter was scheduled for an FRO hearing.

---

[1]  We use initials to identify the parties pursuant to Rule 1:38-3(d)(10).

A-0829-22

Following the hearing, the court granted the requested FRO against defendant.[2]  The court later held a hearing on plaintiff's motion for an award of attorney's fees related to the FRO.[3]  See N.J.S.A 2C:25-29(b)(4).  At the hearing, defendant argued he had no ability to pay counsel fees associated with plaintiff's prosecution of the FRO because he is an unemployed student, and the imposition of "that type" of financial penalty would be excessive under the circumstances. Defendant further argued that his parents' finances should not be considered by the court in its determination of his ability to pay an award of counsel fees.

The court issued a succinct oral opinion, granting plaintiff's application and amending the FRO to include an $5,757.50 attorney's-fee award against defendant.  The court began its opinion by noting that an award of counsel fees is within its discretion and counsel fees may be awarded under the PDVA as a form of monetary compensation to a domestic-violence victim for any loss incurred as a direct result of defendant's acts of domestic violence.

---

[2]  The original FRO is not part of the record on appeal.

[3]  Defendant does not include in his appendix on appeal the pleadings submitted in connection with plaintiff's motion for attorney's fees.  See R. 2:6-1(a)(1)(A) and (I) (requiring the appellant in a civil action include in the appendix on appeal all pleadings in the trial court and such other parts of the record as are essential to a proper consideration of the issues presented).  We note, however, that at the outset of the hearing on plaintiff's motion, the court explained that the purpose of the hearing was to address plaintiff's application for attorney's fees.

The court further stated that it had reviewed the affidavit of services provided by plaintiff's counsel and the background of the attorney and concluded that the attorney's fees requested were reasonable. The court explained an award of attorney's fees is governed by Rule of Professional Conduct (RPC) 1.5, as well as Rule 4:42-9(b), and that awarding attorney's fees was within its discretion under N.J.S.A. 2C:25-29(b)(4) since compensatory losses include reasonable attorney's fees. Defendant appealed from only that portion of the FRO awarding plaintiff attorney's fees.

"[A] reviewing court will disturb a trial court's award of counsel fees 'only on the rarest occasions, and then only because of a clear abuse of discretion.'" Litton Indus., Inc. v. IMO Indus. Inc., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis,'" or "failed to consider controlling legal principles." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. I.N.S., 779 F.2d 1260, 1265 (7th Cir. 1985)); see also Elrom v. Elrom, 439 N.J. Super. 424, 434 (App. Div. 2015). When issuing the fee award, the court must carefully apply the factors specified in Rule 4:42-9(b), RPC 1.5(a) and case law such as

4

Schmidt v. Schmidt, 262 N.J. Super. 451, 454 (Ch. Div. 1992), to the extent possible given the information provided by the parties.  N.G. v. J.P., 426 N.J. Super. 398, 422 (App. Div. 2012).

Pursuant to Rule 4:42-9(b), a party requesting attorney's fees must support their claim with a proper certification in accordance with RPC 1.5(a).  Rule 4:42-9 sets forth the base requirements necessary to support an application for attorney's fees.  The Rule provides, in pertinent part:

> (b) Affidavit of Service. Except in tax and mortgage foreclosure actions, all applications for the allowance of fees shall be supported by an affidavit of services addressing the factors enumerated by RPC 1.5(a). The affidavit shall also include a recitation of other factors pertinent in the evaluation of the services rendered, the amount of the allowance applied for, and itemization of disbursements for which reimbursement is sought. If the court is requested to consider the rendition of paraprofessional services in making a fee allowance, the affidavit shall include a detailed statement of the time spent and services rendered by paraprofessionals, a summary of the paraprofessional's qualification and the attorney's billing rate for paraprofessional services to clients generally. . . .
>
> [R. 4:42-9(b).]

Attorney's fees in a domestic violence matter are specifically authorized by statute as a form of compensatory damages that may be awarded to victims

of domestic violence under N.J.S.A. 2C:25-29(b)(4). The statute provides in pertinent part:

> (b) In proceedings in which complaints for restraining orders have been filed, the court shall grant any relief necessary to prevent further abuse . . . At the hearing the judge of the Family Part of the Chancery Division of the Superior Court may issue an order granting any or all of the following relief:
>
> . . . .
>
> (4) An order requiring the defendant to pay to the victim monetary compensation for losses suffered as a direct result of the act of domestic violence . . . [c]ompensatory losses shall include, but not be limited to, loss of earnings or other support, including child or spousal support, out-of-pocket losses for injuries sustained, cost of repair or replacement of real or personal property damaged or destroyed or taken by the defendant, cost of replacing locks pursuant to section 2 of P.L.2023, c.174 . . . cost of counseling for the victim, moving or other travel expenses, reasonable attorney's fees, court costs, and compensation for pain and suffering. Where appropriate, punitive damages may be awarded in addition to compensatory damages.
>
> [N.J.S.A. 2C:25-29(b)(4) (Emphasis added).]

The reasonableness of attorney's fees is determined by considering the factors in RPC 1.5:

> (1) the time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

[RPC 1.5(a).]

Rule 5:3-5(c) addresses attorney's fees and provides:

In determining the amount of the fee award, the court should consider, in addition to the information required to be submitted to [Rule 4:42-9], the following factors:

(1) the financial circumstances of the parties;

(2) the ability of the parties to pay their own fees or to contribute to the fees of the other party;

(3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial;

A-0829-22

(4) the extent of the fees incurred by both parties;

(5) any fees previously awarded;

(6) the amount of fees previously paid to counsel by each party;

(7) the results obtained;

(8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and

(9) any other factor bearing on the fairness of an award.

[R. 5:3-5(c).]

Furthermore, under Rule 1:7-4, when an application is granted on an award of attorney's fees and the court enters an order, the court must make detailed findings of fact and conclusions of law, and "[f]ailure to perform that duty 'constitutes a disservice to the litigants, the attorneys and the appellate court.'" Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510, 544 (2009); Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (quoting Kenwood Assocs. v. Bd. of Adjustment, 141, N.J. 1, 4 (1976)). "Naked conclusions do not satisfy the purpose of R[ule] 1:7-4. Rather, the trial court must state clearly its factual findings and correlate them with the relevant legal conclusions." Id.

In his pro se brief, defendant argues the court "misapplied the standards for deciding whether to award attorney's fees and abused its discretion in doing so . . . ." Defendant cites to Schmidt, 262 N.J. Super. at 454, RPC 1.5, Rule 4:42-9(a) and Rule 5:3-5(c) in support of his arguments. More particularly, he argues factors 1-3 of Rule 5:3-5(c) weigh in his favor because plaintiff does not need attorney's fees since "it is the [plaintiff's] parents that have paid for counsel fees in the instant matter." He further argues the court erred in awarding fees by rejecting his claims he is a college student and has no ability to pay the award and his parents' income should not be considered.

The court did not specifically address defendant's arguments regarding his status as a college student, that he was unemployed or that his parent's income should not be considered. Instead, the court, relying on N.J.S.A. 2C:25-29(b), focused on its discretionary power to award fees to victims of domestic violence. The court began its oral decision by acknowledging that fees are within its discretion under N.J.S.A. 2C:25-29(b)(4). The court further stated an award of attorney's fees "is governed by the RPC 1.5, as well as Rule 4:42-9(b)." The court explained attorney's fees in domestic violence cases are more akin to compensatory damages because "but for the act of domestic violence, the plaintiff would not have had to incur [attorney's] fees." Despite acknowledging

9

an award of attorney's fees is determined in part through an application of RPC 1.5, the court did not make any findings under the rule or any others in support of its attorney's fee award.

Applying the applicable standard, we are persuaded that the court abused its discretion by failing to provide a reasoned basis for its decision. Flagg, 171 N.J. at 571; Elrom, 439 N.J. Super. at 434; Storey, 373 N.J. Super. at 479. The court stated that "but for the act of domestic violence, the plaintiff would not have had to incur counsel fees," reviewed the affidavit of services, and was apparently persuaded by counsel's affidavit of services, concluding that the amount of $5,5757.50 was reasonable. This was insufficient. The lack of any specific findings and explanation for its determination of the amount of attorney's fees it awarded constitutes an abuse of discretion because it is untethered to any findings or analysis under the applicable rules and the RPC. Id.

Here, the court correctly cited the legal authority underpinning an award of attorney's fees, but failed to engage in the requisite analysis of the factors set forth in RPC 1.5 and pertinent rules to support its finding the fees were in fact reasonable. N.G., 426 N.J. Super. at 422. More particularly, the court did not separately apply the eight RPC factors, including the time and labor required,

the novelty and difficulty of the question involved, and the requisite skill to perform the legal service properly; the amount involved and the results obtained; and whether the fee is fixed or contingent. In fact, the sole RPC factor the court may have considered was the experience, reputation, and ability of the lawyer who performed the services. The court, however, merely referenced that it had reviewed the affidavit of services and the background of the attorney, although the court did not discuss or make factual findings under this factor in its decision. Similarly, the court did not discuss any of the applicable Rule 5:3-5(c) factors, including the financial circumstances of the parties; the ability of the parties to pay their own fees or to contribute to the fees of the other party; or the reasonableness and good faith of the positions advanced by the parties both during and prior to trial before making its decision. Further, the court failed to make any factual findings supporting its decision as required under Rule 1:7-4(a).

Accordingly, we vacate the court's order awarding attorney's fees and remand for further proceedings on plaintiff's application for fees. The court shall permit additional argument on the motion if requested by the parties and shall consider and decide the motion anew. In its decision on the motion, the court shall consider each of the pertinent factors under RPC 1.5 and the

11

applicable rules and make findings of fact and conclusions of law supporting its determination in accordance with <u>Rule</u> 1:7-4. Our determination shall have no effect on the FRO which shall remain in full force and effect.[4]

Vacated as to the court's order awarding attorney's fees and remanded for further proceedings in accordance with this opinion solely on plaintiff's motion for attorney's fees. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] Our decision to remand for reconsideration of plaintiff's motion for attorney's fees shall not be interpreted as expressing any opinion on the motion's merits.

A-0829-22