11 A.3d 404 (2011)
417 N.J. Super. 622
S.Z., Plaintiff-Appellant,
v.
M.C., Defendant-Respondent.
Docket No. A-3841-09T2
Superior Court of New Jersey, Appellate Division.
Argued November 30, 2010.
Decided January 26, 2011.
*405 John V. McDermott, Jr., Vernon, argued the cause for appellant.
Daniel G.P. Marchese argued the cause for respondent.
Before Judges BAXTER, KOBLITZ and NEWMAN.
The opinion of the court was delivered by
KOBLITZ, J.S.C. (temporarily assigned).
Plaintiff appeals from the dismissal of his complaint under the Prevention of Domestic Violence Act (Act), N.J.S.A. 2C:25-17 to -35, alleging harassment, N.J.S.A. 2C:33-4, and stalking, N.J.S.A. 2C:12-10.[1] The trial court dismissed the complaint for lack of jurisdiction, ruling that defendant, an adult male visitor who resided in plaintiff's home for seven months, did not constitute a "household member" for purposes of the Act. After reviewing the record in light of the contentions advanced on appeal, we reverse and remand the matter to the trial court for a trial on the merits.
Plaintiff testified that defendant resided in plaintiff's home with plaintiff, his wife and three children from October 2008 until the end of April 2009. Plaintiff said defendant was the bookkeeper for plaintiff's renovation business at the time and needed a place to live. He testified that on April 11 or April 12, 2009, when defendant was residing with him and while his wife was away with their children in Florida for a week, plaintiff came out of the shower to find defendant on a ladder against the outside of the house, peering through the bathroom window, smiling. According to plaintiff, on another occasion, after he finished showering, he saw defendant getting down from the same ladder. Plaintiff testified that he had no dating relationship with defendant and he had informed defendant that he, plaintiff, was not gay. Plaintiff said when he confronted defendant about spying into the bathroom, defendant explained in mitigation that he had not engaged in sexual relations in a long time. Plaintiff said he then ejected defendant from his home and asked for the return of the keys to his house and truck.
Plaintiff recounted that the most recent act of domestic violence occurred on Super Bowl weekend of 2010[2] when plaintiff discovered a hidden audio-video camera in his truck. Plaintiff said he purchased a card-reader to view the video chip, which showed defendant placing the device in plaintiff's car that weekend. Plaintiff said he felt "violated" by this intrusion. He also testified that during the time he was investigating the device, he spotted defendant following him on two different occasions.
Before plaintiff called another witness, the trial court sua sponte raised the jurisdictional issue, finding that, "[t]he term household member is not synonymous with a person who is an invited social guest, even where there is a period of multiple months involved. In this case, the words `household member' refers to a permanent status, as opposed to a transient status."
The trial court found:

*406 [I]n this case, there are not familial, emotional and financial ties between the parties which would warrant invoking the New Jersey Prevention of Domestic Violence Act. Simply stated, the defendant does not equate with being a member of the plaintiff's household. Something more than a transient status of limited duration must be proven.
....
That doesn't leave the plaintiff without his remedies in the criminal process. If these allegations are true, it does sound like there is a serious criminal violation....
We are constrained to disagree with this interpretation of the Act. Any violation of the Act must be premised on an allegation of criminal behavior, logically giving the victim access to the criminal process. N.J.S.A. 2C:25-19(a). The legislative intent of the Act, "to assure the victims of domestic violence the maximum protection from abuse the law can provide[,]" is spelled out in the Act itself. N.J.S.A. 2C:25-18. Accordingly, the Act affords greater protection than generally given to victims of crimes.
Although the relationship between the parties was not a traditional familial, romantic or sexual relationship, we find that defendant was encompassed by the term "household member," N.J.S.A. 2C:25-19(d), and therefore plaintiff is entitled to the protection of the Act. In Hamilton v. Ali, 350 N.J.Super. 479, 486, 488, 795 A.2d 929 (Ch.Div.2001), Judge Locascio held that a college dormitory suitemate is a "household member" as a matter of law because "the qualities and characteristics of their relationship ... place[] plaintiff in a more susceptible position for abusive and controlling behavior...." The fact that defendant was so focused on plaintiff that after ten months of living apart he allegedly planted a hidden camera in plaintiff's truck is evidence of the type of preoccupation often found in relationships in which domestic violence occurs. Moreover, the fact that plaintiff and defendant lived together under the same roof for seven months affords protection under the Act. In Bryant v. Burnett, 264 N.J.Super. 222, 224-26, 624 A.2d 584 (App.Div.), certif. denied, 134 N.J. 478, 634 A.2d 525 (1993), we found that a three-month period during which plaintiff and defendant lived together, although not a permanent living situation, was sufficient to make the parties "household members."
As we noted in Bryant,
The former domestic violence statute, N.J.S.A. 2C:25-3 to -16, L. 1981, c. 426, required that the victim have "cohabited" with defendant within the definition of that act. The new Act deleted this definition of victim and adopted the more general term "present or former household member" in place of "cohabitants." The new Act contains no requirement that a household member be of the opposite sex or related to the victim, as the former act did.
[Id. at 225, 624 A.2d 584 (internal citations omitted).]
Defendant argues here that Bryant is distinguishable because the violence alleged there occurred only when the parties were living together. However, the incident where defendant spied on plaintiff in the bathroom occurred during the time they lived together. Defendant moved out only ten months before he planted a device in plaintiff's truck. Compare Jutchenko v. Jutchenko, 283 N.J.Super. 17, 20, 660 A.2d 1267 (App.Div.1995) (holding brothers who have not lived together for twenty years are not covered by the Act).
In Smith v. Moore, 298 N.J.Super. 121, 126, 689 A.2d 145 (App.Div.1997), we found that the Act did not grant the trial court jurisdiction to address harassment allegations *407 brought by one female against another female because "[t]he harassment found by the judge, phone calls sparked by jealousy over a `boyfriend,' bore no relationship to the temporary, part-time seashore vacation housing arrangements which the litigating parties shared with other young women the prior summer."
The two male parties lived together seven days a week for seven months. Defendant was given an opportunity to spy through the bathroom window because they lived together. Defendant's alleged invasion of plaintiff's privacy in furtherance of a sexual relationship began when they were living in the same home and resulted in defendant's eviction from that home.
We have found that the Act covers unwelcomed sexual overtures of a harassing nature between two parties of the opposite sex who lived in the same home for three months. See Bryant, supra, 264 N.J.Super. at 224-26, 624 A.2d 584. Jurisdiction under the Act is present here just as it would be if plaintiff's wife alleged the same behavior found in plaintiff's complaint directed against her. The fact that plaintiff is heterosexual and defendant may have sought a homosexual liaison does not affect jurisdiction. By finding jurisdiction we do not make any determination as to the merits of the allegations in the complaint.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] Plaintiff also filed criminal charges against defendant, which were pending at the time of the domestic violence trial.
[2] In 2010 the Super Bowl took place on February 7.