# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0273-19T2

M.H.,[1]

     Plaintiff-Respondent,

v.

J.B.,

     Defendant-Appellant.

_____

Argued telephonically July 15, 2020 –
Decided July 27, 2020

Before Judges Hoffman and Currier.

On Appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FV-07-3706-19.

Kelly T. McGriff, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

---

[1] We use initials to preserve the confidentiality of court records concerning domestic violence. R. 1:38-3(d)(9).

Defendant appeals from a final restraining order (FRO) entered against her pursuant to the Prevention of Domestic Violence Act[2] (the Act). Because we find the record inadequate to establish jurisdiction under the Act, or a predicate act of domestic violence, and the judge failed to find that a restraining order was necessary to protect the victim from immediate danger or further acts of domestic violence, we reverse.

Plaintiff and defendant apparently never lived together. Plaintiff is married to defendant's brother. At the hearing on the FRO, both parties appeared without lawyers. We derive the following facts from the trial record.

On June 18, 2019, the parties had a disagreement through text messaging that lasted for several hours. The incident began when defendant tried calling plaintiff several times regarding a surprise birthday party defendant was planning for her nephew (plaintiff's son). After plaintiff failed to answer her telephone calls, at 4:08 p.m. defendant sent plaintiff a text, "[What the hell] is your problem??? . . . [W]hen I call I'll appreciate [it] if you answer my call." Plaintiff immediately responded, "Fuck you. Like that."

---

[2] N.J.S.A. 2C:25-17 to -35.

A-0273-19T2

Defendant sent a text message to plaintiff at 4:22 pm, which contained a picture of a message plaintiff had sent defendant earlier, with laughing faces. That was the end of all communication between the parties until 6:45 p.m., when plaintiff re-initiated the conversation. Defendant responded to plaintiff's text messages saying, among other things, "please stop harassing me and my family." There was no communication between the parties until almost two hours later, at 8:47 p.m., when plaintiff re-initiated the conversation for a second time. In six separate messages, defendant asked plaintiff to stop texting her:

4:22 p.m. – "liar please stop texting me."

6:56 p.m. – "please stop harassing me and my family."

8:50 p.m. – "why are you so upset? Stop texting me if you don't want to be an adult and communicate …"

9:02 p.m. – "stop texting me …"

9:27 p.m. – "stop texting me."

9:51 p.m. – "stop texting me and bring your [proof] to court"

The next day, each party filed a domestic violence complaint alleging harassment against the other party, and each party was granted a temporary restraining order against the other. Each party's complaint alleged the other party was a former member of the same household of the complaining party.

A-0273-19T2

Following a trial, the court found that it was defendant who continued contacting plaintiff after plaintiff told her to stop. Although plaintiff did send text messages to defendant asking her to stop contacting her as well, at two different times, it was plaintiff who sent the next communication after a two-hour lapse. The court also found defendant responsible for actions committed by a third party on three occasions, concluding "the defendant or someone associated with the defendant attempted to contact the plaintiff repeatedly." Finally, the court determined that a FRO was necessary "to protect the welfare and safety of the victim," citing the "bad blood between the parties" and plaintiff's impending "very contentious" divorce from defendant's brother. The court made this determination, despite finding there had been no prior history of domestic violence, and plaintiff's only allegation of "fear" was that the defendant, and her family, would continue contacting her.

A FRO may issue only if the judge finds that the parties have a relationship bringing the complained of conduct within the Act, N.J.S.A. 2C:25-19(d); that a party committed an act designated as domestic violence, N.J.S.A. 2C:25-19(a); and the "restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29(a)(1) to -29(a)(6), to protect the victim from an immediate danger or to prevent further abuse." Silver v. Silver, 387 N.J. Super.

112, 127 (App. Div. 2006). Upon reviewing the record, we conclude that plaintiff failed to satisfy any of these requirements.

On the facts presented, the only basis for jurisdiction was that the parties were former household members. N.J.S.A. 2C:25-19(d). While defendant's testimony suggested the parties may have previously lived together ("[plaintiff] was living at my mother's house"), plaintiff's testimony was clear and emphatic that she never lived in the same household at the same time with defendant.

In determining whether former qualifying relationships provide jurisdiction under the Act, we have focused on whether the "perpetrator's past domestic relationship with the alleged victim provides a special opportunity for 'abusive and controlling behavior.'" Jutchenko v. Jutchenko, 283 N.J. Super. 17, 20 (App. Div. 1995); accord Coleman v. Romano, 388 N.J. Super. 342, 351-52 (Ch. Div. 2006) (setting forth a six-factor test to determine whether jurisdiction exists based on the parties' status as former household members). Although the nature of the parties' relationship as alleged by both parties in their respective complaints may have been sufficient to confer jurisdiction on the court, the record lacks any convincing evidence to support a finding that they are former household members. In addition, the judge's failure to apply the factors

5

identified in the case law, or undertake any jurisdictional analysis on the record, prevents us from endorsing his conclusion.

We have similar reservations regarding the court's determination that defendant committed an act of domestic violence. We acknowledge the deference owed to the determinations made by family judges hearing domestic violence cases. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Findings by the trial court "are binding on appeal when supported by adequate, substantial, credible evidence." Id. at 412 (citing Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974)). Here, we do not view the text messages sent by defendant as constituting harassment, especially since plaintiff was the party who twice continued the email exchange after receiving no texts from defendant for over two hours.

Notwithstanding our doubt as to whether the judge's finding of a predicate act was supported by substantial credible evidence in the record, the entry of the FRO must be reversed for a completely independent reason. A judge's finding of an act of domestic violence is only the first of a two-step process; the second step requires a finding that a restraining order "is necessary . . . to protect the victim from an immediate danger or to prevent further abuse." Silver, 387 N.J. Super. at 127. Here, the judge made no finding that the entry of a restraining

6

order was necessary to protect plaintiff. Significantly, there was no prior history of domestic violence between the parties, who agreed they had a good relationship prior to the June 17, 2019 incident. There was no testimony regarding the existence of immediate danger to plaintiff. Plaintiff did not claim she was in physical fear of defendant. Her only allegation of "fear" was that defendant, and her family, who are plaintiff's in-laws, would continue contacting her. We are satisfied the record does not support a separate finding that final restraints were necessary to protect plaintiff from an immediate danger or to prevent further abuse. See J.D. v. M.D.F., 207 N.J. 458, 488 (2011). We therefore reverse the order granting the FRO.

Reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0273-19T2