283 N.J. Super. 17 (1995)
660 A.2d 1267
NICHOLAS JUTCHENKO, PLAINTIFF-RESPONDENT,
v.
ANTHONY JUTCHENKO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted July 11, 1995.
Decided July 27, 1995.
*18 Before Judges HAVEY and SKILLMAN.
Anthony Jutchenko, appellant, submitted a brief pro se.
No appearance was made on behalf of respondent.
The opinion of the court was delivered by SKILLMAN, J.A.D.
Defendant appeals from a final restraining order entered under the Prevention of Domestic Violence Act of 1991 (the Act), N.J.S.A. 2C:25-17 to -32, prohibiting him from committing future acts of domestic violence, having contact with plaintiff or members of his family, or making harassing communications to plaintiff or members of his family. The order also bars defendant from plaintiff's residence and place of business and from schools attended by his children.
Plaintiff and defendant are brothers. When this domestic violence complaint was filed, plaintiff was forty-two and defendant was forty-seven, and they had not lived together in the same household for approximately twenty years.
Several months before plaintiff filed his domestic violence complaint against defendant in Passaic County, defendant had filed a separate domestic violence complaint against plaintiff in Morris County. The judge in Morris County dismissed that complaint on *19 the basis of lack of jurisdiction. The court concluded that even though the definition of a "victim of domestic violence" under the Act includes any person subjected to domestic violence by a "former household member," N.J.S.A. 2C:25-19d, this does not mean that any person who has once resided in the same household with another person may invoke the remedies of the Act against that person at any future time. The court further concluded that plaintiff did not continue to occupy the status of a "former household member" twenty years after he occupied the same household as defendant.
Approximately a month and a half after defendant's domestic violence complaint against plaintiff was dismissed, plaintiff filed the present action against defendant. The matter was brought before the court a week later for a hearing at which plaintiff and defendant were the only witnesses.
Plaintiff testified that defendant made telephone calls to the Division of Youth and Family Services (DYFS) and the Prosecutor's office in which he alleged that plaintiff was abusing one of his children. Plaintiff also alleged that defendant had taken certain property from him and had filed a false terroristic threats complaint against him. Defendant admitted that he had made an abuse complaint against plaintiff, but asserted that his allegations were true. Defendant also alleged that plaintiff had threatened his life.
The trial court concluded that defendant was a "former household member" of plaintiff, and consequently that plaintiff's complaint against defendant was within the court's jurisdiction under the Act. The court expressed the view "the passage of time does not diminish the relationship which [is] established" when two persons live in the same household. The court also concluded that defendant had committed purposeful acts of "harassment" within the intent of N.J.S.A. 2C:33-4c and thus acts of "domestic violence" within the intent of N.J.S.A. 2C:25-19a(13) by "causing the institution of a ... criminal investigation" against plaintiff. The court did not make any express finding whether defendant's *20 allegations of abuse against plaintiff were true or false. The court then entered the previously described restraints against defendant.
We conclude that plaintiff's allegations against defendant did not fall within the purview of the Prevention of Domestic Violence Act and consequently that the trial court lacked jurisdiction to entertain the matter under that legislation.[1] The Act is directed at "violence that occurs in a family or family-like setting." N.J.S.A. 2C:25-18. The Act recognizes that such violence may occur not only between persons who are residing together or maintaining an intimate relationship currently but also between persons who previously had such a relationship. Thus, the Act extends protection to any person who "has been subjected to domestic violence by a spouse, former spouse, ... a person with whom the victim has a child in common, or with whom the victim anticipates having a child in common, if one of the parties is pregnant[,] ... a person with whom the victim has had a dating relationship ... [or] a present or former household member." N.J.S.A. 2C:25-19d. However, "[d]omestic violence is a term of art which defines a pattern of abusive and controlling behavior injurious to its victims." Peranio v. Peranio, supra, 280 N.J. Super. at 52, 654 A.2d 495. Therefore, we do not believe that the Legislature could have intended the protections of the Act to extend to conduct related to a dispute between two persons who have not resided together in the same household for twenty years, at least in the absence of any showing that the alleged perpetrator's past domestic relationship with the alleged victim provides a special opportunity for "abusive and controlling behavior." An alleged act of harassment arising out of a dispute between two *21 middle-aged brothers who have not resided together since reaching adulthood cannot reasonably be viewed as "domestic violence."
Accordingly, the final restraining order entered against defendant under the Prevention of Domestic Violence Act is reversed.
NOTES
[1] Since we conclude that the trial court lacked jurisdiction, we do not consider whether the filing of false criminal charges may constitute harassment within the intent of N.J.S.A. 2C:33-4c or whether defendant's conduct would have warranted entry of a domestic violence order if it constituted harassment. See Peranio v. Peranio, 280 N.J. Super. 47, 55-56, 654 A.2d 495 (App.Div. 1995); Corrente v. Corrente, 281 N.J. Super. 243, 249-50, 657 A.2d 440 (App.Div. 1995).