686 A.2d 792

KIM SISCO, PLAINTIFF, v. RAYMOND L. SISCO, DEFENDANT.

Superior Court of New Jersey
Chancery Division
Family Part
Passaic County

Decided September 13, 1996.

*Joshua P. Cohn, Cohn, Lifland, Pearlman, Herrmann & Knopf,* for plaintiff.

*Thomas J. Herten, Herten, Burstein, Sheridan, Cevasco, Botti-nelli & Litt,* for defendant.

GANNON, J.S.C.

The issue presented on this cross-motion to dismiss the plaintiff's complaint under the Prevention of Domestic Violence Act of 1991, *N.J.S.A.* 2C:25–17 to 32, is whether plaintiff, who is the adult daughter of defendant—father, can maintain this against her father with whom she has not resided in the same household for more than fifteen years. A plenary hearing was held on the jurisdictional issue raised by the defendant in order to determine whether this case was cognizable under this Act. This written opinion supplements the oral decision rendered at the conclusion of the hearing on the motion.

Plaintiff testified at the hearing that she and her father had been estranged for many years. Plaintiff related several episodes of claimed violent behavior by her father which occurred while she was an adolescent living in his household more than fifteen years ago. Plaintiff recounted one incident at age fifteen where her father physically forced her to get up and out of bed and go to school against her will, resulting in some slight bruising. The

evidence suggested that this appeared to be an isolated incident of borderline excessive parental discipline.

Plaintiff further testified that defendant controlled her behavior as a young adult by objecting to her marriage while in college to a professor. However, plaintiff later sought and received parental assistance from her father when she separated from her husband, including assistance in obtaining a divorce, tuition payments at a new college, residence in an apartment building which he owned and job placement. Their renewed relationship came to an abrupt end when plaintiff announced that she was pregnant some ten years ago. She testified that her father objected to her having a child out of wedlock and suggested that she either terminate the pregnancy or marry the father of the child. Plaintiff related that her father stated that he would not continue to provide her with financial support if she elected to go full term with the pregnancy while unmarried. Plaintiff elected to ignore this parental advice and subsequently gave birth to twin girls. The father made good on his promise not to provide financial assistance and the parties were estranged for approximately five more years.

Plaintiff and defendant were reconciled when plaintiff initiated contact several years ago and the parties apparently enjoyed some measure of success in reestablishing their relationship which included monthly visits at defendant's home with her twin girls. This storybook parent-child reconciliation came to an abrupt ending when plaintiff and defendant had a disagreement over the medical treatment and nursing home care being received by plaintiff's elderly senile grandmother.

It is alleged in the domestic violence complaint that on July 25, 1996, during a dispute at defendant's home, the sixty-five year old defendant physically assaulted plaintiff, fracturing her nose and causing her to sustain other personal injuries. Plaintiff responded by filing this domestic violence complaint against defendant, alleging acts of assault and terroristic threats. This resulted in a temporary restraining order being issued by this Court on July 26, 1996. A criminal complaint charging assault in violation of

*N.J.S.A.* 2C:12–1(a)(1), a disorderly persons offense, was filed against defendant by the investigating police officer in the City of Clifton Municipal Court. A separate civil action for personal injuries was filed by plaintiff against defendant in the Superior Court of New Jersey, Law Division, Passaic County, under docket number PASL–61–60–96. Defendant filed his own criminal cross complaint for assault in the Clifton Municipal Court against plaintiff for the same incident.

The present application before the court was initiated by plaintiff's motion to compel defendant to pay her attorney's fees *pendente lite* in this domestic violence action. The pre-trial counsel fees sought by plaintiff are an advance retainer of $10,-000.00, of which $4,308.75 was for services already rendered. Defendant cross-moved to dismiss plaintiff's domestic violence complaint on jurisdictional grounds.

It is well settled that domestic violence is not limited by definition to spousal relationships and that an adult daughter can be the victim of domestic violence as defined in *N.J.S.A.* 2C:25–19(d). However, this court is guided by the Appellate Division decision in *Jutchenko v. Jutchenko*, 283 *N.J.Super.* 17, 660 *A.2d* 1267 (App.Div.1995), which held that the *Prevention of Domestic Violence Act of 1991* did not apply to two adult brothers simply because they had resided in the same household more than twenty years ago, and required that the trial court analyze the nature of the parties' relationship.

In *Jutchenko v. Jutchenko, supra,* the Appellate Division held that:

> . . . [W]e do not believe that the Legislature could have intended the protections of the Act to extend to conduct related to a dispute between two persons who have not resided together in the same household for twenty years, at least in the absence of any showing that the alleged perpetrator's past domestic relationship with the alleged victim provides a special opportunity for "abusive and controlling behavior". An alleged act of harassment arising out of a dispute between two middle aged brothers who have not resided together since reaching adulthood cannot reasonably be viewed as "domestic violence".
>
> [*Id.* at 20–21, 660 *A.2d* 1267.]

■ The fact that this case involves an allegation of direct physical violence, as opposed to the harassment claimed in *Jutchenko v. Jutchenko, supra,* does not sufficiently distinguish this case to warrant a different result. Domestic violence is ordinarily something more than an isolated abhorrent act. *Peranio v. Peranio,* 280 *N.J.Super.* 47, 55–56, 654 *A.*2d 495 (App.Div.1995), *Corrente v. Corrente,* 281 *N.J.Super.* 243, 249–50, 657 *A.*2d 440 (App.Div.1995).

The court required a plenary hearing on this motion in order to determine whether the prior conduct of the father provided a special opportunity for "abusive and controlling behavior" which would warrant this case falling within the purview of the Act, notwithstanding that the parties have not resided in the same household for more than fifteen years.

■ The testimony offered by plaintiff, coupled with the certifications submitted by both sides, fail to demonstrate that the jurisdictional requirement has been met by a preponderance of the evidence. Family settings often give rise to long lasting acrimonious relationships. Sometimes hurt feelings heal with the passage of time. However, not every family dispute gives rise to a basis for the exercise of jurisdiction under the domestic violence statutes. At best, to support her jurisdictional claim, plaintiff had offered testimony relating to an isolated incident of claimed excessive parental discipline and instances of parental guidance and support or the withholding of same, which the adult plaintiff accepted or rejected by the exercise of her own voluntary choice. This falls short of meeting the test to constitute "abusive and controlling behavior". In addition, the domestic violence complaint filed in this action alleges no prior history of domestic violence.

Therefore, this court is compelled to find, consistent with *Jutchenko v. Jutchenko, supra,* that this complaint under the *Prevention of Domestic Violence Act of 1991* should be dismissed on the basis of lack of jurisdiction to entertain this matter under that legislation. The temporary restraining order will be dissolved and

the complaint under the *Prevention of Domestic Violence Act of 1991* will be dismissed. Plaintiff remains free to pursue her remedies in the pending criminal proceeding in the Clifton Municipal Court and in the civil tort proceeding, which might afford her similar relief to that afforded under the Act upon meeting the respective requisite burdens of proof in those proceedings.

■ Plaintiff's application for counsel fees must be denied because this complaint has been dismissed and plaintiff has not prevailed in this action. However, it should be noted that this application arose on a *pendente lite* application for counsel fees.

A domestic violence hearing is required to be held within ten days of the filing of the complaint. *N.J.S.A.* 2C:25–29(a) authorizes an award of counsel fees, irrespective of whether same were requested in the initial application at the time of the filing of the complaint.

This formal motion, though returnable on the trial date, appears to have been unnecessary and could have been made by oral application at the conclusion of plaintiff's case, subject to the trial court's discretion to require the filing of a certification or affidavit as to reasonable counsel fees and the opposing party being afforded a reasonable opportunity to respond.

In *Schmidt v. Schmidt,* 262 *N.J.Super.* 451, 620 *A.*2d 1388 (Ch.Div.1992), the court held that reasonable attorneys fees incurred as a direct result of domestic violence should be awarded under *N.J.S.A.* 2C:25–29(b)(4) as compensatory damages to a prevailing victim. There is no authority for the court to direct the payment of *pendente lite* counsel fees in a case brought under the Act. *See also R.* 4:42–9(a). The considerations which apply to an award of counsel fees under traditional *pendente lite* applications are inapplicable here. *Schmidt v. Schmidt, supra,* 262 *N.J.Super.* at 454, 620 *A.*2d 1388. Therefore, the plaintiff's application must be denied in this case.

Defendant's cross-motion to dismiss the complaint upon a finding of lack of jurisdiction is granted and plaintiff's motion for *pendente lite* counsel fees is denied.