877 A.2d 377 (2005)
379 N.J. Super. 287
Karen WINE, Plaintiff,
v.
Rafael D. QUEZADA, aka Francisco J. Davila, Defendant.
Superior Court of New Jersey, Chancery Division, Family Part, Passaic County.
Decided March 29, 2005.
*379 Melinda L. Singer, for plaintiff.
Joseph E. Collini, for defendant (Emolo & Collini, attorneys, Paterson).
ROTHSTADT, J.S.C.
The defendant originally brought this matter before the court on June 7, 2004, by filing a motion to vacate the court's September 23, 2003, final restraining order. On December 16, 2004, the defendant withdrew this motion. Plaintiff's attorney then applied for an award of attorney's fees pursuant to N.J.S.A. 2C:25-29(b)(4). The fees related to those incurred after the entry of the final restraining order.
The plaintiff believes she is entitled to an award of reasonable attorney's fees as compensatory damages since she is a victim of domestic violence. According to the plaintiff, an award of reasonable attorney's fees and costs is consistent with the legislative intent of the Prevention of Domestic Violence Act of 1991. N.J.S.A. 2C:25-17 to35. The defendant argues that to award attorney's fees the court must weigh the relevant factors set forth in R. 5:3-5(c) for family matters, especially the financial circumstances of the parties, the ability of the parties to pay their own legal fees, and any legal fees previously awarded in this matter. According to the defendant, if that analysis is followed, the plaintiff is not entitled to any additional fees. After considering the court's previously entered orders, the letter briefs and certifications submitted to the court on December 16, 2004, January 3, 2005, and January 12, 2005, the court grants plaintiff's application for legal fees for the reasons set forth in this opinion.
The court makes the following findings based on its review of the above noted material. On September 15, 2003, the court entered a temporary restraining order against the defendant, Francisco Davila ("Davila"). On September 23, 2003, the court conducted a final hearing for which Davila did not appear. Judge Nestor F. Guzman found that Davila had been properly served and that Wine met her burden of proof by establishing that Davila committed acts of criminal mischief (N.J.S.A. 2C:17-3), terroristic threats *380 (N.J.S.A. 2C:12-3), and assault (N.J.S.A. 2C:12-1).
On June 4, 2004, Davila moved to vacate the final restraining order alleging that he was not properly served in accordance with N.J.S.A. 2C:25-28(1). On June 24, 2004, and August 25, 2004, the court entered amended final restraining orders relating to child support obligations and requiring that both parties be evaluated, but it did not address the defendant's motion. The court relisted the motion for a date after the resolution of the defendant's municipal court charges arising from the same incident. On December 16, 2004 (after pleading guilty to two counts of harassment in municipal court), the defendant withdrew his motion to vacate the final restraining order. The plaintiff made her application for fees and the court addressed issues relating to child support. At present, the only issue before the court is the plaintiff's application for attorney's fees.
Victims of domestic violence, like the plaintiff, are entitled to an award of reasonable attorney's fees where the fees are the direct result of the domestic violence and they are submitted to the court in an affidavit that satisfies the criteria of R. 4:42-9(b). Grandovic v. Labrie, 348 N.J.Super. 193, 196, 791 A.2d 1038 (App.Div.2002); Schmidt v. Schmidt, 262 N.J.Super. 451, 454, 620 A.2d 1388 (Ch.Div.1992). The award of attorney's fees in domestic violence cases is specifically authorized by the Prevention of Domestic Violence Act ("Act") as part of the compensatory damages a court may award to a victim of domestic violence. N.J.S.A. 2C:25-29(b)(4). Because attorney's fees under the Act are treated as an element of compensatory damages, they are not subject to traditional analysis for claims relating to family type matters. Sisco v. Sisco, 296 N.J.Super. 245, 250, 686 A.2d 792 (Ch.Div.1996); Schmidt, supra, 262 N.J.Super. at 454, 620 A.2d 1388.
In passing the Act, the Legislature made provisions for counsel fees only for victims, and not for prevailing parties. This was to avoid a chilling effect on the willingness of domestic violence victims to come forward with their complaints and have their day in court. M.W. v. R.L., 286 N.J.Super. 408, 411, 412, 669 A.2d 817 (App.Div.1995). The legislative intent of the Act was to provide victims of domestic violence the maximum protection from abuse that the law could provide and to ensure full access to the protections of the legal system. Grandovic v. Labrie, supra, 348 N.J.Super. at 196-97, 791 A.2d 1038. Thus, a victim of domestic violence who files a complaint in good faith cannot be held accountable for a defendant's counsel fees, even if the complainant does not prevail. Where a domestic violence complaint is filed and pursued in bad faith-i.e., based on perjured or suborned testimony-a claim for fees may be made under the frivolous litigation statute (N.J.S.A. 2A:15-59.1) but not under the Act. M.W. v. R.L., supra, 286 N.J.Super. at 412, 669 A.2d 817. Thus, the Legislature has expressly provided an award of fees to the appropriate party where domestic violence complaints are brought in good faith and in bad faith.
The Act provides for an award of reasonable attorney's fees as compensatory damages to victims. Compensatory damages are designed to compensate a victim for an actual injury or loss. Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 48, 477 A.2d 1224 (1984). Since attorney's fees, are expressly included in the Act as compensatory damages, there is no prerequisite that the case be "appropriate" for compensatory damages, as is the requirement for punitive damages. An award of fees, as compensatory damages, in a domestic violence action is no different than an award of compensatory damages in a tort action. They are intended to *381 make the victim whole. So long as the damages are the result of the complained of, and found, domestic violence the award of such damages is warranted. Sielski v. Sielski, 254 N.J.Super. 686, 689, 604 A.2d 206 (Ch.Div.1992).
The considerations which apply to an award of counsel fees in matrimonial actions are therefore inapplicable here. R. 5:5-3; Schmidt, supra, 262 N.J.Super. at 454, 620 A.2d 1388; cf. Clarke v. Clarke ex. rel. Costine, 359 N.J.Super. 562, 572, 821 A.2d 104 (App.Div.2003). For example, there is no authority for the court to direct the payment of pendente lite (i.e., matrimonial) counsel fees in a case brought under the Act. Sisco v. Sisco, supra, 296 N.J.Super. at 250, 686 A.2d 792. Thus, in a domestic violence action, since attorney's fees are awarded as compensatory damages, the parties' financial circumstances have no relevance whatsoever. The fees are intended to make the victim whole regardless of his/her financial circumstances. Contra Pullen v. Pullen, 365 N.J.Super. 623, 629, 839 A.2d 1006 (Ch.Div.2003).
The court therefore should not be concerned with the parties' financial circumstances or the parties' abilities to pay their own fees. To hold otherwise could create a chilling effect on claims made by bona fide victims who might have the ability to pay. Moreover, defendants who committed an act of domestic violence would indirectly obtain a benefit not intended by the Act if an award of fees was not made because of a disparity between the parties' financial circumstances. M.W. v. R.L, supra, 286 N.J.Super. at 411, 669 A.2d 817 (awarding fees on appeal, without considering the parties' financial circumstances to a victim who successfully defended against the defendant's appeal).
Since the Act specifically provides for an award of attorney's fees, they are permitted by the court's rules. R. 4:42-9(a)(8). The only additional consideration is whether they are reasonable. The reasonableness of attorney's fees is determined by the court considering the factors enumerated in R. 4:42-9(b). That rule incorporates the factors stated in R.P.C. 1.5. If, after considering those factors, the court finds that the domestic violence victim's attorney's fees are reasonable, and they were incurred as a direct result of domestic violence, then the court should award those fees. Schmidt, supra, 262 N.J.Super. at 454, 620 A.2d 1388.
Pursuant to R.P.C. 1.5(a), the factors to be considered in determining the reasonableness of a fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) whether the fee is fixed or contingent.
After reviewing the plaintiff's attorney's certification filed with the court on December 16, 2004, this court is satisfied that the fees incurred by the plaintiff were the result of defendant's domestic violence and, further, that the fees are reasonable. *382 Specifically, Wine seeks attorney's fees and costs in the amount of $6,858.71. Plaintiff's attorney expended a significant amount of time (over twenty-one hours) on this case, precluding her from accepting other employment. Plaintiff's attorney specializes in family law and has been practicing law for twenty years. Plaintiff's attorney also serves as the Early Settlement Panel chair, has chaired the Ethics Committee in Bergen County, and has taught Domestic Violence for the Bergen County Bar Association. The plaintiff's attorney charges a fixed hourly rate of $300, which is customarily charged for similar legal services in this county and this area of the law.
The fees incurred by plaintiff's counsel primarily related to her preparation of opposition to defendant's motion to vacate and her related appearances in court. The plaintiff would never have incurred these fees if the defendant had not committed an act of domestic violence. Since Wine incurred attorney's fees as a direct result of Davila's act of domestic violence, the fees were reasonable, and the fees have been presented by affidavit, an award of attorney's fees is warranted in this case. In calculating the award of attorney's fees, the court considered only the fees incurred after the entry of the final restraining order. Those fees and costs totaled $6,858.71. (The court previously ordered Davila to pay $1,500 in legal fees stemming from the entry of the final restraining order.)
However, this court is not awarding Wine fees or costs associated with the municipal court hearing. There is no authority for an award of fees to a complaining witness in a municipal court action. The fees for the municipal court hearing totaled $2,029.46. The court therefore did not include that amount in its award.
Therefore, deducting $2,029.46 from the total fees and costs of $6,858.71, Davila is ordered to pay Wine attorney's fees and costs in the amount of $4,829.25.