RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5230-15T3

A.L.I.,

 Plaintiff-Appellant,

 v.

D.W.,

 Defendant-Respondent.

____________________________________

 Submitted May 23, 2017 – Decided July 12, 2017

 Before Judges Fisher and Vernoia.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part, Morris
 County, Docket No. FV-14-0719-16.

 Einhorn, Harris, Ascher, Barbarito & Frost,
 attorneys for appellant (Thomas J. Snyder,
 Bonnie C. Frost and Dorothy J. Kenney, on the
 brief).

 Respondent has not filed a brief.

PER CURIAM

 Plaintiff A.L.I. appeals the dismissal of an action she

commenced against her second cousin, defendant D.W., pursuant to

the Prevention of Domestic Violence Act (the Act), N.J.S.A. 2C:25-
17 to -35. The action was dismissed, at the conclusion of a four-

day final hearing, because the trial judge found plaintiff was not

a "victim of domestic violence," which, in relevant part, is

defined in N.J.S.A. 2C:25-19(d) as a person who has been subjected

to domestic violence by a person who "was at any time a household

member." Based on his factual findings about the nature of the

parties' relationship, to which we defer, Cesare v. Cesare, 154

N.J. 394, 410-11 (1998); D.N. v. K.M., 429 N.J. Super. 592, 596

(App. Div. 2013), certif. denied, 216 N.J. 587 (2014), we conclude

the trial judge properly found plaintiff did not fit this statutory

definition and we, therefore, affirm.

 The Act's reach toward past household members has, at times,

proved difficult for our courts. In considering the statute's

prior language – which defined "victim of domestic violence" as

including a person who has been subjected to domestic violence by

"any person who is a present or former household member" – we

rejected the Act's application to a dispute between adult siblings

who lived together during their childhood but had "not resided

together in the same household for twenty years." Jutchenko v.

Jutchenko, 283 N.J. Super. 17, 20 (App. Div. 1995). We also

recognized, when considering the former statutory language, that

courts must look to determine whether the "perpetrator's past

domestic relationship with the alleged victim provides a special

 2 A-5230-15T3
opportunity for abusive and controlling behavior." Tribuzio v.

Roder, 356 N.J. Super. 590, 595 (App. Div. 2003); see also N.G.

v. J.P., 426 N.J. Super. 398, 409 (App. Div. 2012).

 The case at hand arose after August 10, 2015, the effective

date of the amended statute. See L. 2015, c. 98, § 2. Recently,

we held that the new definition, which changed the phrase "former

household member" to a person who "was at any time a household

member," widened the net of cases falling within the Act's

jurisdiction. R.G. v. R.G., 449 N.J. Super. 208, 210 (App. Div.

2017). Indeed, the new statutory language would seem to cover even

the circumstance we found insufficient in Jutchenko.

Notwithstanding this broader scope, the Act was not amended to

include family relations that were never members of the same

household, as here.

 As noted above, the parties are second cousins. The events

that precipitated this action commenced when, in December 2015,

defendant stayed in the home of her cousin, plaintiff, and

plaintiff's husband, for ten days. When defendant ended this visit,

plaintiff's husband went with her and they began cohabiting. In

February 2016, defendant and plaintiff's husband ended a trip to

Florida and, on the way to plaintiff's home in Boonton, defendant

made threatening and abusive phone calls to plaintiff. On February

22, 2016, both defendant and plaintiff's husband arrived at

 3 A-5230-15T3
plaintiff's home. Defendant again spoke abusively toward plaintiff

and physically attacked her, prompting plaintiff's filing of a

complaint, which resulted in the issuance of a temporary

restraining order on March 2, 2016.

 A four-day trial occurred over the course of non-consecutive

days in April, May and June 2016. At the conclusion of the hearing

on June 20, 2016, the judge rendered an oral decision and concluded

that the failure of the proofs to demonstrate plaintiff fell within

N.J.S.A. 2C:25-19(d) required dismissal.1 The family judge,

however, stayed this final order pending "a resolution of

plaintiff's appeal" – a ruling that presumably left in place the

temporary restraining order.

 Plaintiff appeals, arguing, in a single point, that "the

scope and nature of the parties' relationship qualifies plaintiff

as a 'victim'" as defined by N.J.S.A. 2C:25-19(d) "based on the

remedial nature of the statute and the most expansive reading of

the statute which seeks to prevent violence that occurs in a family

or family[-]like settings." We disagree.

1
 Despite finding a lack of jurisdiction due to his findings
regarding the relationship between the parties, the judge also
found, in greater detail, that – if there was a sufficient
relationship – defendant engaged in domestic violence that would
have warranted entry of a final restraining order.

 4 A-5230-15T3
 The judge correctly determined that plaintiff did not meet

the definition of "victim of domestic violence." Although the

judge applied the statute's prior iteration rather than the current

version, the judge's findings, which are firmly grounded on the

evidence deemed credible, demonstrate that the parties were never

household members. They are second cousins. And, though they may

have occasionally stayed under the same roof on visits to

plaintiff's mother's condominium in Florida when they were young

girls, or though they may have taken vacations together and had

overnight visits in each other's home over the years, they were

never, at any time, members of the same household.

 Consequently, we reject the only argument posed by plaintiff

in this appeal.

 Affirmed.2

2
 The stay imposed by the trial judge will remain in effect for
fourteen days from today's date unless plaintiff moves for the
continuation of the stay pending a petition for certification,
and, in that instance, the stay will remain in effect until there
is a ruling on that motion.

 5 A-5230-15T3