**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1023-20

J.M.,

     Plaintiff-Respondent,

v.

A.A.,

     Defendant-Appellant.

_____

          Submitted September 28, 2021 – Decided November 17, 2021

          Before Judges Accurso and Enright.

          On appeal from the Superior Court of New Jersey,
          Chancery Division, Family Part, Camden County,
          Docket No. FV-04-3710-02.

          A.A., appellant pro se.

          Respondent has not filed a brief.

PER CURIAM

    In this one-sided appeal, defendant A.A. challenges orders of the trial

court denying his application to remove his daughter, now an adult, from those

persons protected by a final restraining order obtained by her mother, plaintiff J.M., pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35; awarding plaintiff her attorney's fees; and denying his motion for reconsideration. We affirm.

The record on appeal is scant. Although defendant has filed the transcripts of the motion hearings in the trial court and his own motion papers, he has chosen to omit plaintiff's opposition and cross-motion to enforce the final restraining order beyond the certification submitted by the parties' daughter, the subject of the application. We draw these essential facts from the meager record.

The parties, who were not married, are the parents of a daughter born in November 2000. In August 2002, plaintiff obtained a final restraining order against defendant. Defendant apparently had parenting time with the parties' daughter. That ended in 2006 when the little girl was five years old, following a trial in a related non-dissolution matter. Judge Page awarded sole custody of the child to plaintiff, and the final restraining order was amended to prohibit defendant from having any contact with her. He has not seen her since.

Defendant brought the modification motion to lift those restraints prohibiting him from any contact with his daughter based on his belief that she

"already [had] attempted to contact [him]." Defendant certified that on two occasions, once in June 2019 and again in July 2019, he saw "a girl about [his daughter's] age lurking around the trash dumpsters at [his] apartment complex." By the time he parked his car and walked back to the dumpsters, however, "the girl was gone." He wrote he believed his daughter "wants to contact [him], and feels she has a right to contact [him] because she is now an adult, but she doesn't contact [him] because either she doesn't want to get [him] in trouble, or she is afraid to incur her mother's wrath."

Plaintiff's opposition included a certification from the parties' daughter, then nineteen. She certified she had read defendant's motion papers and had "no interest in having any personal relationship with defendant." She maintained defendant had done "unthinkable things" during her childhood, and she objected to any release of her contact information to him. She also denied, unequivocally, that she was the girl "'lurking around the trash dumpsters' at his apartment complex." She asked that the court "continue to restrain defendant from communicating with [her] and/or contacting [her] in any manner."

On the return date of the motions, defendant conceded, in response to a question from the court, that his motion was based entirely on his belief that his daughter wished to re-establish a relationship with him, and if that were not

3

the case, the basis for any modification would be "non-existent."  But defendant contended that was not the case, because he didn't believe the certification was signed by his daughter and he knew "in [his] heart that she does want to see her father and have a relationship with her father."

Plaintiff's counsel noted Judge Page's 2006 findings that defendant needed to engage in counseling by a court-approved psychotherapist specializing in sociopathic and narcissistic personality disorders — who had the opportunity to review the trial transcript and a testifying psychologist's report — before the court would consider lifting the suspension of defendant's parenting time.  Counsel argued defendant's application was procedurally defective under N.J.S.A. 2C:25-29(d) for having failed to supply the court with the transcripts from the hearings leading up to the final restraining order and simply another way to "still abuse the victim," and that the court should award plaintiff her attorney's fees for having to defend a meritless motion.

After having reviewed N.J.S.A. 2C:25-29(d), the statute permitting a Family Part judge to dissolve or modify a final restraining order for good cause, and the Carfagno[1] factors, the judge denied the motion.  The judge

[1] Carfagno v. Carfagno, 288 N.J. Super. 424, 434-35 (Ch. Div. 1995) (holding a court should consider eleven factors in considering an application to dissolve

found no evidence to support defendant's subjective belief that his daughter had been the girl he saw at his apartment complex, and nothing to support his allegation that she had not signed the certification attesting she wanted no contact with him. Concluding defendant had not submitted evidence to establish good cause to modify the final restraining order under any of the Carfagno factors, and that plaintiff and the parties' daughter acted in good faith in opposing the application, the judge found no basis to modify the 2006 restraining order and awarded plaintiff $3,999.80 in fees and $382.50 in costs for a total award of $4,382.30 pursuant to N.J.S.A. 2C:25-29(b)(4).

Defendant moved for reconsideration, arguing he had no ability to pay for the transcripts of the entire domestic violence trial, and that he was told by court personnel he did not need to file the transcripts as he was seeking only to

---

a final restraining order under N.J.S.A. 2C:25-29(d): "(1) whether the victim consented to lift the restraining order; (2) whether the victim fears the defendant; (3) the nature of the relationship between the parties today; (4) the number of times that the defendant has been convicted of contempt for violating the order; (5) whether the defendant has a continuing involvement with drug or alcohol abuse; (6) whether the defendant has been involved in other violent acts with other persons; (7) whether the defendant has engaged in counseling; (8) the age and health of the defendant; (9) whether the victim is acting in good faith when opposing the defendant's request; (10) whether another jurisdiction has entered a restraining order protecting the victim from the defendant; and (11) other factors deemed relevant by the court").

A-1023-20

modify, and not dissolve, the final restraining order.  Defendant also repeated his position that his daughter's signature on her certification was a forgery, and as neither he nor the court were familiar with his daughter's signature, "[w]e could have a plenary hearing and question [her] on the witness stand about who wrote the certification and whether or not it accurately reflects her own thoughts and desires."  Finally, defendant argued the attorney's fees were excessive, that redactions to counsel's invoices made it impossible to determine whether the work was reasonable and necessary, and that he had no ability to pay plaintiff's fees in any event.

The judge denied defendant's motion as to the substance of the order.  The court again explained to defendant his motion to modify the restraining order was procedurally defective because the statute permits a final restraining order "may be dissolved or modified upon application to the Family Part . . . , but only if the judge who dissolves or modifies the order is the same judge who entered the order, or has available a complete record of the hearing or hearings on which the order was based."  N.J.S.A. 2C:25-29(d) (emphasis added).  Because he was not the judge who entered the order in 2006, the statute prohibited him from modifying it in 2020 without review of the entire record.  The judge also again explained to defendant that he had failed to carry

6

his burden to establish good cause to modify the order as he put forth nothing other than his subjective belief that his daughter wanted to contact him and nothing suggesting her certification to the contrary was a fraud.

As to the fees, however, the judge granted defendant's motion for reconsideration. After explaining to defendant that "[a]ttorney's fees in a domestic violence matter are specifically authorized by statute as a form of compensatory damages awarded to victims of domestic violence under N.J.S.A. 2C:25-29(b)(4)" and Wine v. Quezada, 379 N.J. Super. 287, 291 (Ch. Div. 2005), not subject to the usual analysis of fees in family cases under Rule 5:3-5(c), and that he found plaintiff entitled to an award of reasonable attorney's fees under the statute, the judge agreed with defendant that the billing was too opaque to permit proper review for reasonableness.

The judge accordingly relaxed the rule on reconsideration in defendant's favor and entered an order vacating the amount of fees and directed plaintiff's counsel to resubmit his application with the bills broken down by task. Following that re-submission, and argument from the parties, the court entered

A-1023-20

an order reducing the fee award to plaintiff by $487.50 to $3,512.30, for a total award of $3,894.80.[2]

Defendant appeals, arguing he should not "be automatically sanctioned for having the audacity to file a motion" by being ordered to pay plaintiff's fees, and that the court erred in refusing him the right to authenticate his daughter's certification "by putting the affiant on a witness stand and getting [her] testimony about the signature, and the content of the certification, and the source of the content."  We reject both arguments as without sufficient merit to warrant discussion in a written opinion, Rule 2:11-3(e)(1)(E), and affirm, essentially for the reasons expressed by Judge Booth in his opinions from the bench in this matter.

---

[2]  At that same hearing, the court addressed defendant's motion in the related non-dissolution matter to declare his daughter emancipated in the event plaintiff continued to refuse to disclose information regarding their daughter's attendance at college, and plaintiff's cross-motion for contribution to college costs and for attorney's fees.  Defendant argued he didn't "know if she's in college, if she's going to acting school, dance school.  I know she's in the Pennsylvania Ballet.  I just want to know what she's going to school for and how she's doing.  What's the crime in that?  What's the plaintiff afraid of?"  Plaintiff's counsel argued that plaintiff was willing to submit the information defendant sought to the court in camera, but urged defendant's motion was simply a subterfuge to permit him to improperly obtain information about the parties' daughter and harass plaintiff.  The court directed the parties to economic mediation over college costs, with appropriate safeguards in light of the final restraining order, and denied plaintiff's request for fees.

8

We add only the following. The trial court was undoubtedly correct that defendant's application was procedurally defective under N.J.S.A. 2C:25-29(d) for his failure to provide the court with the transcripts from the hearings leading to entry of the final restraining order. A record of those prior proceedings is obviously essential to permit a judge who did not preside over those hearings to understand the history of the parties' relationship and the prior acts of domestic violence in considering whether any modification of the order is appropriate. Kanaszka v. Kunen, 313 N.J. Super. 600, 606-08 (App. Div. 1998). Defendant's failure "to provide the motion judge with a complete record to consider is fatal to his appeal." Id. at 607.

Although the procedural deficiency obviates consideration of defendant's argument about the authenticity of the certification his daughter submitted attesting she wanted no contact with him, it too is plainly without merit. The certification at issue was in accord with Rules 1:4-4(b) and 1:6-6. Without any proof the certification was defective or any evidence to suggest the statements made were in any manner incompetent, there was no basis for the court to compel the parties' daughter to appear in court in order to allow defendant to "put[] the affiant on a witness stand" so he could cross-examine her about her

signature, why she didn't want a relationship with him and who told her about "the unthinkable things" she certifies defendant did during her childhood.

Given the motion to modify was both procedurally deficient and substantively lacking, we cannot find the court abused its considerable discretion in finding plaintiff entitled to fees "incurred as a direct result of domestic violence." See McGowan v. O'Rourke, 391 N.J. Super. 502, 508 (App. Div. 2007); N.J.S.A. 2C:25-29(b)(4).

We affirm, essentially for the reasons expressed by Judge Booth in his cogent and comprehensive opinions from the bench in this matter.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1023-20