# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1160-22

H.S.,[1]

    Plaintiff-Respondent,

v.

R.S.,

    Defendant-Appellant.

_____

Submitted April 1, 2025 – Decided April 21, 2025

Before Judges Gooden Brown and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FV-09-1512-20.

Hegge & Confusione, LLC, attorneys for appellant (Michael James Confusione, on the briefs).

H.S., respondent pro se.

PER CURIAM

---

[1]  We use initials in this case to protect the identities of the parties. <u>R.</u> 1:38-3(c)(12).

Defendant appeals from the trial court's order awarding $24,429.95 in attorney's fees as compensatory damages to plaintiff under the Prevention of Domestic Violence Act (PVDA), N.J.S.A. 2C:25-29(b)(4) and the trial court's subsequent order denying reconsideration.  For the reasons which follow, we affirm.

I.

We glean the relevant facts from our prior opinion, H.S. v. R.S., No. A-0369-20 (App. Div. Feb. 28, 2022) (slip op. at 2-3) (H.S. v. R.S. I):

> The parties were married in June 2002 and had two children together: a son, Y.S., and a daughter, H.S.  The parties separated in December 2019.
>
> The parties had a physical altercation outside of their son's school on January 13, 2020, which prompted plaintiff to seek a Temporary Restraining Order (TRO) against defendant.  Plaintiff alleged defendant showed up "out of nowhere" during morning drop-off, pushed her out of the way, and got into the driver seat of her car.  She testified that she tried to stop defendant, as their three-and-a-half-year-old daughter was still in the backseat of the car, and that nearby parents quickly assisted her, gathering around the vehicle to prevent defendant from driving away.
>
> K.B. was one of the parents at the scene.  She testified that she "heard yelling . . . looked up and . . . saw [defendant] grab [plaintiff] and . . . push her away from the car."  She testified that she yelled, in a very loud voice "hey, leave her alone"  and "you can't put your hands on your wife like that."  She testified that she may

have used the word "assault." At some point during this incident, plaintiff removed the child from the car, and K.B. called the police. Defendant then drove the car away, leaving plaintiff and their daughter behind. The police stopped defendant shortly thereafter.

Plaintiff's complaint described the January 13 incident and alleged several other acts of domestic violence against her during the marriage. The other acts included: grabbing plaintiff by the hair; forcing her out of the apartment; throwing her onto the stairs; choking her; threatening to kill her; threatening to ruin her career; threatening to take their children away from her; kicking her in the chest; throwing her on the floor; and hitting her in the face. The judge issued the TRO and granted plaintiff's application to amend the TRO a few days later to add more details and specifics about the alleged abuse she endured.

The trial court issued a Final Restraining Order (FRO) against defendant, but denied plaintiff's application for attorney's fees, finding she was unsuccessful in obtaining related custody relief she sought as part of her restraining order action. The court determined that it could not, on the record before it, "discern which charges were directly . . . related to the underlying . . . domestic violence [matter] versus the custody battle."

Both plaintiff and defendant sought reconsideration, plaintiff challenging the order denying counsel fees and defendant challenging the FRO. The court denied both applications.

3 A-1160-22

On appeal, we affirmed the FRO, but reversed the order denying plaintiff's attorney's fees and remanded to the trial court. On remand, the trial court conducted a plenary hearing. Both plaintiff's counsel and defendant testified, and the court admitted into evidence plaintiff's counsel's billing records and invoices for services rendered to plaintiff in the FRO proceeding. The trial court made detailed findings and determined plaintiff had met her burden by a preponderance of the credible evidence in the record. As a result, the court awarded plaintiff $24,429.95 in attorney's fees.

The trial court denied defendant's motion for reconsideration, reviewing the principles of Rule 4:49-2, and finding defendant did not make a sufficient showing to merit reconsideration.

Defendant appeals, arguing before us that the trial court committed error by: granting the fee award even though plaintiff did not get all her requested custody relief; by making what he contends were contradictory comments during the fee award hearing; by denying reconsideration without making sufficient findings under Rule 1:7-4; and by abusing its discretion in threatening defendant with jail if defendant did not pay the ordered fees within thirty-days of the court's denial of reconsideration.

II.

An award of fees in a domestic violence action rests within the discretion of the trial judge. McGowan v. O'Rourke, 391 N.J. Super. 502, 507-08 (App. Div. 2007). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis,'" or "failed to consider controlling legal principles." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. I.N.S., 779 F.2d 1260, 1265 (7th Cir. 1985)); see also Elrom v. Elrom, 439 N.J. Super. 424, 434 (App. Div. 2015).

We will disturb a trial court's determination on counsel fees "only on the 'rarest occasion,' and then only because of clear abuse of discretion[,]" Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)), or a clear error in judgment, Tannen v. Tannen, 416 N.J. Super. 248, 285 (App. Div. 2010). Where a trial judge correctly applies the case law, statutes, and court rules governing attorney's fees, the fee award is entitled to our deference. Yueh v. Yueh, 329 N.J. Super. 447, 466 (App. Div. 2000); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 4.7 to R. 5:3-5 (2024).

A-1160-22

We review a trial judge's decision to grant or deny a motion for reconsideration under Rule 4:49-2 for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). "'Reconsideration is a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice.'" Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Reconsideration is appropriate where "'(1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence . . . .'" Ibid. (quoting D'Atria, 242 N.J. Super. at 401).

III.

Defendant contends that the trial court abused its discretion in awarding plaintiff $24,429.95 in attorney's fees for prevailing in the FRO hearing by failing to properly apply Rule 4:42-9 and Rule 5:3-5, and making what defendant alleges were contradictory statements while determining the reasonable attorney's fee. We are unpersuaded and find no error.

The PVDA, N.J.S.A. 2C:25-17 to -35, explicitly authorizes courts to award "reasonable attorney's fees" to victims. N.J.S.A. 2C:25-29(b)(4). The statute reads in pertinent part:

(b) In proceedings in which complaints for restraining orders have been filed, the court shall grant any relief necessary to prevent further abuse . . . At the hearing the judge of the Family Part of the Chancery Division of the Superior Court may issue an order granting any or all of the following relief:

. . . .

(4) An order requiring the defendant to pay to the victim monetary compensation for losses suffered as a direct result of the act of domestic violence . . . [c]ompensatory losses shall include, but not be limited to . . . reasonable attorney's fees . . . .

[(Emphasis added).]

This provision serves a critical public policy goal: "to avoid a chilling effect on the willingness of domestic violence victims to come forward with their complaints." M.W. v. R.L., 286 N.J. Super. 408, 411 (App. Div. 1995).

Because fees and costs in a domestic violence action are awarded as damages, an award is "not subject to the traditional analysis" for an award of fees in family-type claims pursuant to N.J.S.A. 2A:34-23, and the court is not obliged to consider the parties' financial circumstances. McGowan, 391 N.J. Super. at 507 (quoting Schmidt v. Schmidt, 262 N.J. Super. 451, 453 (Ch. Div. 1992)); see also Wine v. Quezada, 379 N.J. Super. 287, 292 (Ch. Div. 2005).

A-1160-22

Rather, under the PDVA, counsel fees maybe be awarded if the fees are: (1) "a direct result of the domestic violence"; (2) reasonable; and (3) presented via affidavit pursuant to Rule 4:42-9(b). McGowan, 391 N.J. Super. at 507 (quoting Schmidt, 262 N.J. Super. at 454); see also Wine, 379 N.J. Super. at 291.

Rule 4:42-9 sets forth the requirements necessary to support an application for attorney's fees. In pertinent part, Rule 4:42-9(b) states:

> [A]ll applications for the allowance of fees shall be supported by an affidavit of services addressing the factors enumerated by RPC 1.5(a). The affidavit shall also include a recitation of other factors pertinent in the evaluation of the services rendered, the amount of the allowance applied for, and itemization of disbursements for which reimbursement is sought.

RPC 1.5(a) recites the factors to be addressed in the Rule 4:42-9(b) affidavit:

> (1) the time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;

A-1160-22

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

The record contains ample support for the trial court's order on remand awarding reasonable counsel fees under Rule 4:42-9 and RPC 1.5. Relevant evidence adduced included, but was not limited to: plaintiff counsel's testimony regarding allocation of billing between the domestic violence, custody, and parenting time elements of the FRO proceeding; defendant's testimony; and substantial documentary evidence supporting the fee application. Our review of the record leads us to conclude that the trial court properly applied its well-supported findings to the factors under Rule 4:42-9 and RPC 1.5(a) to determine and award reasonable attorney's fees. We discern no error in this regard.

We are also unpersuaded by defendant's argument that the trial court contradicted itself during the plenary hearing or in its oral statement of reasons supporting the award of attorney's fees on remand. The trial court provided full and fair opportunity to both parties to proffer evidence and argue the fee award question at great length. Upon close of the plenary hearing the court made

9

careful and detailed findings of credibility and fact. We find this argument without merit.

Next, defendant argues that the trial court was required to perform an analysis under Rule 5:3-5, to consider his ability to pay and the party's good faith. Rule 5:3-5 plays no role in analysis of an attorney fee application proceeding under the PDVA in the form of compensatory damages. Instead, the court is only required to consider the factors in Rule 4:42-9 and RPC 1.5, which it did in a thorough fashion.[2]

Next, defendant argues that the trial court abused its discretion by failing to make findings or provide an explanation when it denied reconsideration. Defendant further argues that the trial judge erred when he sua sponte denied defendant's stay application. We find these arguments without merit, and comment only briefly.

---

[2] The record shows that, after we issued our unpublished opinion in H.S. I, we issued a supplemental order, dated March 24, 2022, citing Rule 5:3-5 as part of the standard to be considered by the trial court and the parties on remand. This citation did not reflect our jurisprudence at the time H.S. I was decided, nor does it reflect our current jurisprudence. When deciding attorney's fees in PDVA matters, Rule 5:3-5 does not apply. See McGowan, 391 N.J. Super. at 507. For the sake of completeness, we note that if a Rule 5:3-5 analysis was applied to these facts, which we do not do here, there is a more than ample record to support affirming the trial court's order. Our conclusion would remain the same.

A-1160-22

In denying reconsideration, the trial court found defendant failed to identify a palpably incorrect basis for its fee order or demonstrate that the court failed to appreciate probative competent evidence which would justify reconsideration under Rule 4:49-2, noting that mere dissatisfaction with the fee order was insufficient to warrant reconsideration. See Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). Next, the trial court rejected defendant's verbal application for an emergent stay and simultaneously advised defendant of his direct appeal rights. We find no abuse of discretion in either of the trial court's actions.

Finally, plaintiff contends that the trial court committed reversible error when it stated that defendant would be held in contempt of the court if he did not pay the attorney's fee within 30 days. Where a defendant seeks to raise an issue on appeal not raised below, we review that contention under the plain error standard. R. 2:10-2. Although the argument was not raised below, we briefly consider it.

A trial court's authority "to punish for contempt is long established." Amoresano v. Laufgas, 171 N.J. 532, 549 (2002). However, the New Jersey Supreme Court has described "it as an extraordinary power, to be exercised sparingly against those whose conduct 'has the capacity to undermine the court's

authority and to interfere with or obstruct the orderly administration of justice.'" Id. at 549-50 (quoting In re Daniels, 118 N.J. 51, 61 (1990)). Our court rules mandate certain procedures, including evidentiary hearings, for contempt-of-court adjudications. See R. 1:10-1 (contempt in the presence of the court); R. 1:10-2 (summary contempt proceedings); Wolfe v. Malberg, 334 N.J. Super. 630, 635-36 (App. Div. 2000). Our rules are clear: for a defendant to be held in contempt for actions occurring outside of the courtroom, a hearing must first be provided. It is evident that the defendant cannot be held in contempt without such a hearing. On this record, we find no plain error.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1160-22