# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1960-24

Y.D.L.S.,[1]

    Plaintiff-Respondent,

v.

D.M.F-V.,

    Defendant-Appellant.

_____

        Submitted December 9, 2025 – Decided December 17, 2025

        Before Judges Rose and Torregrossa-O'Connor.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FV-18-0268-25.

        D.M.F-V., self-represented appellant.

        Respondent has not filed a brief.

PER CURIAM

---

[1] We use initials to preserve the confidentiality of domestic violence records, R. 1:38-3(d)(9), and protect the confidentiality of domestic violence victims, R. 1:38-3(d)(10).

Self-represented defendant D.M.F-V. appeals from a January 23, 2025 final restraining order (FRO) issued in favor of plaintiff Y.D.L.S. under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 25-17 to -35, and a February 20, 2025 Family Part order granting plaintiff's motion for counsel fees.

More particularly, defendant raises the following points for our consideration:

POINT 1

THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING COUNSEL FEES WITHOUT PROPERLY CONSIDERING DEFENDANT'S GOOD FAITH AND PRO SE STATUS.

POINT 2

THE TRIAL COURT FAILED TO WEIGH EVIDENCE THAT CONTRADICTED . . . PLAINTIFF'S ALLEGATIONS AND REVEALED A PATTERN OF COERCIVE CONTROL.

POINT 3

[] PLAINTIFF USED THE LEGAL SYSTEM IN BAD FAITH TO SILENCE . . . DEFENDANT AND GAIN CONTROL THROUGH LITIGATION.

POINT 4

THE FEE AWARD IGNORES . . . PLAINTIFF'S FINANCIAL ADVANTAGE AND PLACES AN EXCESSIVE BURDEN ON A WORKING SINGLE MOTHER.

A-1960-24

POINT 5

[] PLAINTIFF CONTINUES TO HARASS . . .
DEFENDANT BY USING THEIR MINOR CHILD AS
A PROXY FOR INDIRECT CONTACT.

Because defendant failed to provide essential portions of the trial court record, see R. 2:6-1(a)(1)(I), we affirm.

I.

The sparse record provided on appeal is not particularly enlightening. We discern from the sole transcript provided on appeal, trial was held on at least two days. Both parties were represented by counsel.

According to the January 23, 2025 transcript, defendant testified and presented the testimony of two witnesses. During closing arguments, plaintiff's counsel summarized the testimony of her client. Because plaintiff did not testify on that day, we are unable to review his testimony.

Immediately following closing arguments, the trial judge issued a thorough oral decision, detailing his factual findings and legal conclusions. Citing the controlling law, the judge found plaintiff proved the predicate acts of harassment, N.J.S.A. 2C:33-4 and :25-19(a)(13), and contempt, N.J.S.A. 2C:29-9 and :25-19(a)(17), and satisfied his need for restraints under the seminal two-

3

pronged test enunciated in <u>Silver v. Silver</u>, 387 N.J. Super. 112, 125-27 (App. Div. 2006).

The trial judge thereafter granted plaintiff's application for counsel fees, but modified plaintiff's $9,815 request, ordering defendant to pay $6,335 within thirty days of the February 20, 2025 order. In his written statement of reasons accompanying the order, the judge noted defendant opposed the fee award, but rejected her argument that she neither acted in bad faith nor filed a frivolous counterclaim.

The judge found defendant's assertions were not "valid grounds." Quoting N.J.S.A. 2C:25-29(b)(4), the judge correctly recognized "a court is permitted to award 'monetary compensation for losses suffered as a direct result of the act of domestic violence,' including reasonable attorney's fees." The judge found the fee award, as modified, was reasonable here. Citing our decision in <u>McGowan v. O'Rourke</u>, 391 N.J. Super. 502, 507 (App. Div. 2007), the judge properly found in awarding counsel fees "the court is not obliged to consider the parties' financial circumstances." This appeal followed.

II.

Our limited scope of review of a trial court's findings is well established. <u>See</u> <u>Cesare v. Cesare</u>, 154 N.J. 394, 411 (1998). "[W]e grant substantial

deference to the trial court's findings of fact and the legal conclusions based upon those findings." D.N. v. K.M., 429 N.J. Super. 592, 596 (App. Div. 2013). We will not disturb the court's factual findings and legal conclusions "unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Cesare, 154 N.J. at 412 (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)).

It is axiomatic that the judge who observes the witnesses and hears their testimony has a perspective the reviewing court simply does not enjoy. See Pascale v. Pascale, 113 N.J. 20, 33 (1988). We also accord deference to the factual findings of Family Part judges because that court has "special jurisdiction and expertise in family matters." Cesare, 154 N.J. at 413. However, "all legal issues are reviewed de novo." Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017).

The entry of an FRO under the PDVA requires the trial court make certain findings, pursuant to a two-step analysis. See Silver, 387 N.J. Super. at 125-27. Initially, the court "must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19[(a)] has occurred." Id. at 125. The trial court

should make this determination "in light of the previous history of violence between the parties." Ibid. (quoting Cesare, 154 N.J. at 402). Contempt and harassment are predicate acts of domestic violence under the PDVA. N.J.S.A. 2C:25-19(a)(13), (17).

If the court finds the defendant committed a predicate act of domestic violence, then the second inquiry "is whether the court should enter a restraining order that provides protection for the victim." Silver, 387 N.J. Super. at 126. Although the second prong inquiry "is most often perfunctory and self-evident, the guiding standard is whether a restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29[(a)](1) to -29[(a)][(7)],[2] to protect the victim from an immediate danger or to prevent further abuse." Id. at 127.

A trial judge is authorized by the PDVA to award, as damages, the reasonable counsel fees and costs incurred by a victim of domestic violence. N.J.S.A. 2C:25-29(b)(4). Under the PDVA, a judge may enter an order "requiring the defendant to pay to the victim monetary compensation for losses suffered as a direct result of the act of domestic violence[,]" which includes "reasonable attorney's fees [and] court costs." Ibid. The award is designed "to

---

[2] N.J.S.A. 2C:25-29(a)(7), became effective on January 8, 2024.

6                                                                          A-1960-24

make the victim whole." Wine v. Quezada, 379 N.J. Super. 287, 293 (Ch. Div. 2005). Because fees and costs in a domestic violence action are awarded as damages, an award is "not subject to the traditional analysis" for an award of fees in family-type claims pursuant to N.J.S.A. 2A:34-23, and the court is not obliged to consider the parties' financial circumstances. McGowan, 391 N.J. Super. at 507 (quoting Schmidt v. Schmidt, 262 N.J. Super. 451, 453 (Ch. Div. 1992)). "To hold otherwise could create a chilling effect on claims made by bona fide victims who might have the ability to pay." Wine, 379 N.J. Super. at 293.

Accordingly, the only three requirements for an award of counsel fees under the PDVA are that the fees are the "direct result of . . . domestic violence," they are reasonable, and that they are presented by way of affidavit pursuant to Rule 4:42-9(b). McGowan, 391 N.J. Super. at 507 (quoting Schmidt, 262 N.J. Super. at 454); Wine, 379 N.J. Super. at 291. If after considering Rule 4:42-9(b), which incorporates the factors stated in RPC 1.5(a), the court finds the plaintiff's legal fees are reasonable and incurred directly from the domestic violence, the court may exercise its discretion in awarding attorney's fees. McGowan, 391 N.J. Super. at 508. We accord significant deference to that determination. Ibid.

Ordinarily, we would apply these guiding legal principles to the orders under review. Here, however, defendant failed to provide this court with those parts of the trial court record "essential to the proper consideration of the issues." R. 2:6-1(a)(1)(I); see also Soc'y Hill Condo. Ass'n, Inc. v. Soc'y Hill Assocs., 347 N.J. Super. 163, 177 (App. Div. 2002).

Specifically, defendant did not include the full record of the proceedings before the trial court. As our Supreme Court has recognized, the Rules of Court "require that 'if a verbatim record was made of the proceedings before the court . . . from which the appeal is taken, the appellant shall . . . serve a request for preparation of an original and copy of the transcript.'" Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 55 (2004) (quoting R. 2:5-3(a)). Further, "the transcript shall include the entire proceedings in the court . . . from which the appeal is taken." R. 2:5-3(b).

Defendant's appendix also should have included complete copies of plaintiff's domestic violence complaint, the temporary restraining orders referenced in the January 23, 2025 transcript, and the certification of plaintiff's counsel in support of the fee application. See R. 2:6-1(a)(1)(A) (requiring appellant provide the pleadings at the trial level).

Defendant also failed to provide this court with all documentary evidence considered by the trial judge. See R. 2:6-1(a)(1)(I) (requiring appellant include "such other parts of the record . . . as are essential to the proper consideration of the issues"). Instead, defendant's appendix contains several pages of text messages, in Spanish, without interpretation. It is unclear from the transcript provided on appeal whether these messages were provided to the trial judge.

Without these documents, we simply cannot perform our appellate function. Thus, on the limited record provided on appeal, we cannot conclude the trial judge erred. See Soc'y Hill, 347 N.J. Super. at 177-78 ("Without the necessary documents . . . . we have no alternative but to affirm."). We therefore have no basis to interfere with the orders under review.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1960-24